HURLE, Appellant, v. HURLE, Respondent.

(176 N. W. 510.)

(File No. 4562.   Opinion filed February 19, 1920.)

1.  **Judgment—Default, Setting Aside—Suit for Separate Mainte-
    nance, No Answer After Suit-money Order in Defendant's
    Presence, Whether Excusable Neglect—Further Showing Nec-
    essary ,Rule Re—Evidence Considered—Wife's Share of Di-
    vided Property, Rule Re.**

    Where, in a suit for separate maintenance, trial court during
    defendant's presence, made an order for expense money, attor-
    ney's fees, etc., defendant not employing counsel or filing ans-
    wer or making counter-showing, and several months later de-
    fendant paid considerable sums of money to plaintiff, after
    which plaintiff, without notice to defendant, submitted proof
    and obtained judgment by default, for a large sum in addition
    to what she had already received; defendant, being outside of
    state, having upon his return and learning of the judgment,
    employed counsel and successfully moved to open default, and
    was permitted to answer, **held,** while defendant was not wholly
    without excuse for his negligence in failing to answer earlier,
    yet, in addition to an excuse for such failure he should make
    reasonable showing that he would be entitled to more favor-
    able judgment than the one vacated; it being clear from the
    evidence that he was not dissatisfied with the decree wherein it
    awarded a separation of plaintiff and defendant with care, cus-
    tody and control of the minor children, his only complaint be-
    ing that the money judgment is more than a fair share of the
    accumulated property and that a re-division should be adjudi-
    cated; it being apparent that the one-half of the entire prop-
    erty awarded to plaintiff, did not give the wife a fair propor-
    tion thereof; that she was entitled to two-thirds of the entire
    property under the valuation placed thereon by deefndant's
    witnesses supporting his application to open default.

2.  **Separate Maintenance—Division of Property, Whether Husband
    Entitled to One-half—Rule Re Circumstances.**

    There is no law requiring court to give husband one-half, or
    any other specific proportion of joint accumulations of husband
    and wife, each case being governed by itself on circumstances;
    and where, in a suit for separate maintenance, it appears wife
    is entitled to more than one-third, it should be so decreed.

    Smith, J., and Gates, J., dissenting.

Appeal from Circuit Court, Codington County.   Hon.
WILLIAM N. SKINNER, Judge.

Action by Bertha Hurle against John Hurle, for separate
maintenance.   From an order setting aside judgment entered

on default, and allowing defendant to answer, plaintiff appeals. Reversed.

*J. G. McFarland,* for Appellant.

*Loucks, Hasche & Foley,* for Respondent.

(1) To point one of the opinion, Appellant cited: Kinkead v. Moriarty et al. (S. D.), 136 N. W. 101-102; Des Moines Mut. Hail & Cyclone Ins. Assn. v. Clute, 151 N. W. 281-282; Hayne New Trial and Appeal, Vol. II (Revised Ed.), Sec. 311.

Respondent cited: McConnell v. Margulies, 165 N. W. 991; Fisk v. Hicks, 29 S. D. 399.

(2) Williams v. Williams, 6 S. D. 284; Drake v. Drake, 27 S. D. 329; De Roche v. De Roche (N. D.), 94 N. W. 767; Arment v. Arment, 134 N. W. 616.

POLLEY, J. This is an appeal from an order setting aside a judgment entered on default, and allowing defendant to file an answer and defend. Plaintiff and defendant are husband and wife, and the action is brought by the wife for separate maintenance. The summons and complaint were served on the first day of May, 1918. On May 11th, pursuant to an order to show cause, the court issued an order, directing defendants to pay certain sums as expense money, attorney's fees, etc. Defendant was in court in person when this order was made, but he did not employ an attorney, and did not file an answer nor make any counter showing in response to the order to show cause. Various proceedings were had in the case, running over a period of several months. In the meantime defendant paid a few small sums to plaintiff and her counsel. On September 30th defendant sold some property, and from the proceeds thereof plaintiff received $300 in cash and a note secured by a mortgage on real estate for $7,489. On October 8th plaintiff, without giving defendant notice that she intended to take judgment, submitted her proof to the trial court, and was awarded judgment by default against the defendant in the sum of $8,175, in addition to the amount she had already received. Defendant was not in the state when this judgment was entered, but immediately upon his return, and learning of the entry of the judgment, he employed counsel and moved the court to open the default and permit him to file an answer. The motion was granted, and plaintiff appeals.

[1, 2]   It is the contention of appellant that no excuse whatever was shown by defendant for his negigence in not filing his answer at an earlier date, and that the trial court abused its discretion in granting the motion.   We are not prepared to say upon the showing made by defendant that he was wholly without excuse for his negligence in not interposing this answer at an earlier date, but it requires more than an excuse for failure to answer to entitle a party to have a default opened up and be allowed to retry the case.   Besides excusing his neglect, he must make a reasonable showing that he would be entitled to a judgment more favorable to himself than the judgment already entered.   This defendant failed to do.   It is perfectly clear, from the showing made, that defendant is not dissatisfied with that portion of the decree awarding a separation of plaintiff and defendant, and which awards to the plaintiff the care, custody, and control of four minor children.   His only complaint is that the  money judgment awarded plaintiff is more than a fair share of the accumulated property, and that the court should make a reappraisement and redivision of the property.   It is claimed by defendant that the award gave the wife more than her fair share of the joint property.   With this contention we do not agree.   The trial court awarded the wife what, under the showing then made, amounted to one-half of the property.   In view of the facts in this case, such award did not give the wife a fair proportion of the property.   Under the valuation placed on the property by defendant's witnesses in support of his application to open the default, the judgment, if allowed to stand, would give the wife about two-thirds of the property.   Under the facts in this case we think she is entitled to that much, and would feel bound to reverse any judgment awarding her a lesser share.   There is no law that requires the court to give a husband one-half, or any other specific portion, of their joint accumulation.   Each case should be governed by its own circumstances; and, where it appears that the wife is entitled to more than one-half, the court should give it to her.

We believe the award made by the trial court is a fair one, under the circumstances in this case, and that it should not be disturbed.

The order appealed from is reversed.

SMITH, J. (dissenting). It is perhaps elementary in legal practice that a defendant seeking to defend after default judgment must excuse his default, and must also present to the trial court a good defense on the merits. It is equally well settled that facts constituting such defense cannot be controverted or tried out on an application for leave to defend, and that only facts alleged to excuse the default can be controverted.

It is not questioned upon this appeal that the defense proposed was competent and material as affecting the amount of the judgment for alimony. It is conceded that the trial court, upon the evidence then before it, awarded to plaintiff an amount equal to what appeared to be one-half of defendant's property. It is also conceded—defendant's affidavits being accepted as true—that the judgment, if allowed to stand, would give plaintiff two-thirds of defendant's entire property. The issue of fact presented involved the real value of defendant's property. That this issue of fact was material to the judgment and should be submitted to the trial court I think is apparent. The majority opinion holds that the trial court abused its discretion in allowing this issue to be tried, for the reason, apparently, that this court is of opinion that the trial court might, on a new trial, allow plaintiff a less amount than was allowed on the first trial. The serious objection to this is that it assumes original jurisdiction in this court over an issue which belongs in, but has never been determined by, the trial court, and even holds that the trial court abused its discretion when it manifested a willingness to hear and determine such issue upon a new trial. I do not think a trial court should be reversed on the ground that it might enter a judgment which this court would not approve. Such procedure is not the exercise of appellate jurisdiction, but in effect is an assumption of original jurisdiction which belongs to the trial court.

Had the majority opinion proceeded upon the view that defendant had failed to excuse his default, I should be loath to dissent from the views of my majority Associates. But as no authorities are cited—and indeed I think none can be found—sustaining the reasoning upon which the majority opinion pro-

36—Vol. 42, S. D.

ceeds, I venture respectfully to dissent from both the reasoning and conclusion.

GATES, J. (concurring in the dissent). I was at first of the impression that we might take the short cut, and by vacating the order granting new trial sustain the allowance made by the judgment, because in my opinion the allowance was not excessive under the facts. To do so, however, is to charge the trial court with an abuse of discretion in granting the new trial. I do not think the facts warrant us in saying that the trial court did abuse his discretion. I therefore concur in the dissent.