## THE SECURITY NATIONAL BANK OF MOBRIDGE, Respondent, v. BOEKHOUT et al, Appellants.

### (211 N. W. 806.)

(File No. 5869.   Opinion filed January 28, 1927.)

**Judgment—Judgment on Note Will Not Be Set Aside on Showing of Specific Defenses, Not Provable Under General Denial Pleaded.**
Judgment on note, in absence of counsel for defendants whose answer was general denial, will not be set aside on showing that defendants had meritorious defenses in that one was accommodation indorser, judgment had been entered for 16 months' rent under lease for year, plaintiff allowed sale of security, and lease was never completed, since such defenses could not be proved under general denial.

Note.—See, Headnote, American Key-Numbered Digest, Judgment, Key-No. 154(4), 34 C. J. Sec. 509.

Appeal from Circuit Court, Walworth County; HON. J. H. BOTTUM, Judge.

Action by the Security National Bank of Mobridge against C. M. Boekhout and another. From an order refusing to vacate a judgment for plaintiff, rendered in the absence of defendants' counsel, defendants appeal. Affirmed.

*Jas. J. Conry,* of Aberdeen, for Appellants.

*A. A. Brown,* of Mobridge, for Respondent.

BURCH, J.   This is an appeal from an order refusing to vacate a judgment, rendered at a regular term of the circuit court in the absence of defendant's counsel.

The action was brought by the plaintiff to recover upon certain promissory notes, executed and delivered by the defendants. The answer to the complaint was a general denial. When reached upon the peremptory call of the calendar, on October 18, 1924, the defendants and their counsel were not present and counsel for plaintiff insisted upon the trial of the case. A jury was impaneled and the case tried. Verdict was returned for plaintiff and judgment rendered thereon. Afterwards counsel for defendants obtained on order to show cause why the judgment should not be set aside and vacated and defendants allowed to defend. On the hearing of the show cause order, the court refused to vacate the judgment. Appellant's counsel makes the affidavit of merits and seeks to excuse his failure to be present on the grounds that he

had arranged with the clerk of the court to notify him when the case would be reached for trial, and that he received notice from the clerk stating that it would probably not be reached until the week following the 18th of October. He then says he consulted with his clients and reached the conclusion that they had a good defense, and, after reaching such conclusion and being convinced that they had a meritorious defense, he caused to be served upon the attorney for plaintiff an answer denying generally and specifically, each and every allegation of said complaint. He then discloses his defense by saying that the defendants, and more particularly the defendant Berg, have a meritorious defense in that Berg is an accommodation indorser of the notes set out in the complaint; that judgment has been entered upon a lease for rent covering a period of approximately 16 months, although the lease shows on its face that it is for one year, and that a bill of sale upon certain furniture securing the payment of the notes was in possession of the plaintiff, who allowed the security to be sold and otherwise disposed of without applying the proceeds upon the promissory notes; that the lease was never completed, and Berg was never at any time in possession of the buildings and premises covered by the lease.

There is but one assignment of error; namely, that the court erred in refusing to vacate the judgment. From the facts disclosed by the affidavit, it appears that the attorney for appellants, knowing their defense, failed to plead such defense, but caused to be served an answer consisting entirely of a general denial, which now appears to have been false. The attorney ought to have known that the defense stated in his affidavit of merits could not be proved under a general denial. No request to amend the answer has been made. If the court had vacated the judgment, the claimed defense could not have been proved under the issues joined. Appellants do not now claim that the issues made by the pleadings leave anything to be tried, but they admit the execution and delivery of the note. As this is decisive of the case, it will not be necessary to discuss the sufficiency of the excuse for failure to appear, or the sufficiency of the proposed defense. In the present state of the record no issue is tendered, nor defense pleaded.

The court was clearly right in refusing to vacate the judgment, and the order of the lower court is therefore affirmed.