SOHN, Appellant, v. FLAVIN, Respondent.

(244 N. W. 349.)

(File No. 7312. Opinion filed October 4, 1932.)

*Longstaff & Gardner,* of Huron, for Appellant.

*H. W. Markey,* of Huron, for Mary and Harry Henschel.

CAMPBELL, P. J.   In February, 1930, plaintiff instituted this action against Edward Henschel (now deceased).   The complaint set forth two causes of action, one upon a promissory note, and one upon money had and received.   The first cause of action set forth certain payments made upon the note (which had been executed and delivered in December, 1919), the last of such indorsements being the sum of $59.67 alleged to have been paid on March 15, 1928.   To this complaint defendant Henschel interposed the following answer:

"I   Defendant denys each and every allegation of the plaintiff's complaint not hereinafter specifically admitted.

"II   Defendant admits that a note was signed as described in paragraph one of the plaintiff's complaint.

"III   Defendant further admits that payments as described in plaintiff's complaint have been made, but alleges that in addition thereto that the full amount due and owing has been paid.

"IV Defendant denys each and every allegation contained in the plaintiff's second cause of action and denys that there is any sums due and owing to the plaintiff from the defendant."

Both parties served notice of trial and filed note of issue for the term opening in Beadle county on June 9, 1930, and the case was placed upon the calendar accordingly. It was reached for trial on June 27, 1930. Neither defendant nor his attorneys were present. A jury was impaneled and sworn, plaintiff submitted his proof, and the jury, by direction of the court returned a verdict in his favor for the full amount asked in the complaint, and judgment was entered thereon. Promptly thereafter application was made to vacate said judgment, pursuant to section 2378, R. C. 1919, which authorizes the court to relieve a party "from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect." On January 26, 1931, the court made and entered an order setting aside and vacating the judgment, from which order the plaintiff appealed. Shortly after the entry of the order, and before the taking and perfecting of the appeal therefrom, defendant Henschel died, and due steps were taken to substitute as a party defendant George E. Flavin as administrator with the will annexed.

Appellant submits that respondent mistook his remedy in the court below in moving for relief from the judgment under section 2378, R. C. 1919. Appellant contends, in substance, that this section of the statute is intended only to relieve from default judgments in the sense of judgments taken upon failure to answer as contemplated by section 2485, R. C. 1919. Appellant urges that in the instant case the judgment was not taken by default, that the defendant appeared, answered, and joined issue, and that the judgment was entered as the result of a trial upon a verdict of a jury (directed by the court), even though defendant was not present and did not actually participate in such trial. Appellant maintains, therefore, that defendant should have sought his remedy by a motion for a new trial under subdivision 3, § 2555, R. C. 1919, which provides that a new trial may be granted in case of "accident or surprise, which ordinary prudence could not have guarded against." This argument is undoubtedly logical, and finds some support in the language of Clemmons v. Field, 99 N. C. 400, 6 S.

E. 790, 6 Am. St.. Rep. 529, cited by appellant. We are of the opinion, however, that conceding that there may technically have been a trial, yet if defendant was not present or properly represented thereat, his remedy is to seek relief under section 2378, rather than to move for new trial under subdivision 3, § 2555. The distinction is drawn in Freeman on Judgments (5th Ed.) § 216, in the following language: "The statutes referred to in this section do not supersede the necessity for moving for a new trial in cases where a trial has been had, at which the parties seeking to have the judgment vacated were properly represented. If they were represented at the trial, they can obtain relief only by an application made in conformity with the rules of procedure provided by law in reference to new trials. But if they were not at the trial, or were not represented there, on account of some mistake or excusable neglect, then their remedy is not by application for a new trial, but by an application addressed to the discretion of the court, and made under the statute authorizing relief to be granted from judgments rendered against a party through 'his mistake, inadvertence, or excusable neglect.' "

This is the rule in California under similar statutes.

"If we assume, as claimed by counsel for appellants, that Lee attended the trial as attorney for the respondents and conducted the defense on their behalf, their remedy would undoubtedly have been by motion for a new trial under section one hundred and ninety-five, and not by motion for relief from the judgment under section sixty-eight; but to so assume is to assume the principal point in controversy. The respondents claim that they were not at the trial in person nor by counsel through a mistake, which is shown and explained by the affidavits by which they supported their motion. If this be so, they have not mistaken their remedy." McKinley v. Tuttle, 34 Cal. 235.

And it is the practice that has been recognized, though perhaps not particularly discussed by this court. See Olson v. Advance-Rumely Thresher Co., 42 S. D. 332, 175 N. W. 192, McDonald v. Egan, 43 S. D. 147, 178 N. W. 296; Sec. Nat. Bk. v. Boekhout, 51 S. D. 31, 211 N. W. 806. A case falling on the other side of the line where the remedy was properly sought by motion for new trial upon the ground of accident and surprise

which ordinary prudence could not have guarded against is Sluman v. Dolan, 24 S. D. 32, 123 N. W. 72. We are therefore of the opinion that defendant pursued the proper remedy in the court below.

We come then to consider the order appealed from upon the merits. The ground for the application below was that the failure of defendant and his attorneys to be present at the trial, if negligent, was excusable. It may here be noted that the application to vacate the judgment below was made by one of the attorneys for the defendant, and at the time of such application defendant himself did not even know that any judgment existed. Appellant challenges the authority of the attorney to make the application; no employment of the attorney excepting the initial employment to defend the action appearing. It is undoubtedly the broad general rule that the employment of an attorney to defend an action terminates with final judgment therein, though under some circumstances and for some purposes such authority may continue to a limited extent thereafter. The authority under the circumstances here shown to present this application raises a question not free from difficulty. We think, however, that we need not decide it in this case. Assuming, without deciding, the existence of such authority, and turning now to the showing made in the court below, we find that the defendant Henschel was a resident of Wisconsin. He was not in South Dakota when the case was reached for trial, nor apparently at any time during the term of court, and we can find no evidence that he made any effort to be here and little, if any, showing that he ever had any intention of being here. So far as his attorneys are concerned, there is considerable controversy between counsel as to whether or not they desired and intended to be present when the case was reached for trial, and as to whether or not, if they did so intend, their failure to be present was occasioned by any excusable negligence. Assuming, however, that the facts show excusable negligence, and further assuming that no negligence is imputable to the defendant himself, nevertheless, in order to procure relief from a judgment under section 2378, R. C. 1919, there must be not only a showing of excusable negligence, but also some basis for reasonable inference that, if the relief is granted, the party applying therefor will be entitled to a judgment more favorable than the one he seeks to

vacate. Hurle v. Hurle, 42 S. D. 558, 176 N. W. 510; McDonald v. Egan, 43 S. D. 147, 178 N. W. 296. In the instant case, the only statement with reference to the merits is found in the affidavit of defendant's attorney in the following language:

"Your affiant further states that the defendant has a good defense to plaintiff's contention in that the note sued upon was signed and executed on the ———— day of ————, 1919, and that there was no consideration given for the same and for a further defense that said note being signed in Wisconsin and executed in Wisconsin and the defendant being at all times in the state of Wisconsin that more than six years since said note was due and said note has not been renewed and is outlawed by the statute of limitations of the State of Wisconsin; that plaintiff admits that no payment was made or no renewal of the note was made except a payment of $59.67 made on March 15, 1928 and defendant contends and can prove that said payment was not made upon said note and did not renew the note in question.

"Defendant further contends that the plaintiff herein by false representations and promises induced the defendant to purchase considerable oil stock that the plaintiff was interested in; that the plaintiff promised at the time he bought the oil stock and the land which he purchased, if defendant was not able to pay defendant would not have to pay the note which he executed for the land and plaintiff would take the dividends from the oil stock.

"Defendant further contends that the plaintiff induced the defendant and his brother to leave their farms and go to the oil fields, promising them a job at $15.00 a day and their expenses going to and from the oil fields.

"That the defendant never received any pay for their work in the oil fields nor any money for their expenses of any kind. The promises made by the plaintiff were false and the representations by the plaintiff were false and that the defendant is entitled to damages by reason of said false representations and false promises."

██ It is to be observed that there is here not even a claim of any defense to the cause of action for money had and received, and it is to be noted that as to that cause of action the proof in support thereof introduced at the trial consisted in part of a letter

from the defendant himself stating and admitting the amount to be due the plaintiff. With reference to the note, the answer had already admitted the payment of $59.67 thereon on March 15, 1928. The answer.had entirely failed to plead either the statute of limitations or fraud or false representations of any kind or to counterclaim for any damages. There is no prayer for leave to amend the answer, and there is not a single thing set forth in the affidavit that would be admissible under the answer interposed. If these defenses in truth existed, defendant had ample opportunity to plead them originally. He seeks here to reopen the case upon an entirely different theory from that established by his answer. None of the now claimed defenses could be proved under the issues as joined. See Sec. Nat. Bk. v. Boekhout, 51 S. D. 31, 211 N. W. 806.

We are of the opinion that the trial court abused its discretion in vacating the judgment under the circumstances of this case, and the order appealed from is therefore reversed.

All the Judges concur.