15088

MOORER *ET AL.* v. UNDERWOOD *ET AL.*

(9 S. E. (2d), 29)

*Messrs. Felder & Rosen* and *Walker, Walker & Jenkins,* for appellant,

74

*Messrs. J. D. Parler* and *Robinson & Robinson,* for respondents,

May 14, 1940.

The opinion of the Court was delivered by MR. JUSTICE STUKES.

There are two cases involved in this appeal,. to both of which this decision shall be applicable. The identical question is involved in each.

The plaintiffs brought separate suits against the named defendants for damages resulting from an alleged collision of motor vehicles on the Charleston-Summerville highway, alleging in their verified complaints that the defendant Florence M. Underwood, the appellant, is a resident of Illinois and owned the defendant automobile which on the occasion of the collision was "being driven and operated by the defendant, Clifford D. Wright, an agent and servant of the defendant, Florence M. Underwood."

Service of the summons and complaint in each action was made upon the appellant by service upon the director of motor vehicle division of the State Highway Department under Section 437 of Volume 1 of Code of 1932 as amended by Act 183 of 1935, Act April 20, 1935, 39 St. at Large, p. 249, the amended statute reading in applicable part as follows: "Section 437. The acceptance by non-resident of the rights and privileges conferred by the laws now or hereafter in force in this State permitting the operation of motor vehicles, as evidenced by the operation of a motor vehicle by

such non-resident on the public highways, streets of any incorporated or unincorporated municipality and public roads of this State, or the operation by such non-resident of a motor vehicle on the public highways, streets of any incorporated or unincorporated municipality and public roads of the State other than as so permitted or regulated, shall be deemed equivalent to the appointment by such non-resident of the director of motor vehicle division of the State Highway Department, or of his successor in office, to be his true and lawful attorney upon whom may be served all summons or other lawful process in any action or proceeding against him, growing out of, any accident or collision in which said non-resident may be involved by reason of the operation by him, for him, or under his control or direction, express or implied, of a motor vehicle on such public highway of this State, and said acceptance or operation shall be a signification of his agreement that any such process against him shall be of the same legal force and validity as if served on him personally.   *   *   *"

The appellant appeared specially for the purpose and moved before his Honor, Circuit Judge M. M. Mann, to vacate the service upon the following grounds:

"1. That such service was insufficient and that she had not accepted the rights and privileges conferred by the laws now or hereafter in force in this State permitting the operation of motor vehicles as evidenced by the operation of a motor vehicle by such non-resident on the public highways of the State of South Carolina.

"2. Because such attempted service is illegal and of no force and effect and should in no way be binding on the defendant, Florence M. Underwood; that she did not operate any automobile on the Streets of any town or roads of the State of South Carolina as is contemplated by such statute allowing a service to be had through the director of motor vehicles, and that she did not appoint the said director as her true and lawful attorney by operating said automobile at the time and place, as aforesaid."

To substantiate the foregoing grounds appellant offered two affidavits, both executed in Lake County, Illinois, the second hereinafter set forth by herself and the first by Alfred Connon:

"Personally appeared before me Alfred Connon, who, on oath, states that he is a citizen and resident of the State of Illinois and is employed as chauffeur by Miss Florence M. Underwood. That on or about April 6, 1939, while Miss Underwood was visiting in Summerville, South Carolina, deponent was acting as her chauffeur, and as such was there in that City at that time.

"That on the night of April 6, 1939, deponent, without the knowledge or consent of Miss Florence M. Underwood, and without her permission, took her Chevrolet automobile and with one Clifford D. Wright started to the City of Charleston for the purpose of visiting a moving picture theatre; and that, while on the way to Charleston, the automobile in which he was riding brushed the side of a bus parked at the side road, in avoiding being hit by a truck.

"That the said Miss Florence M. Underwood was completely in ignorance of such accident until after she had left the State of South Carolina, and that deponent paid for these damages out of his own pocket.

"Deponent further states that, while the said car was being used by him at the time of such accident, Miss Underwood knew nothing of the use to which the car was put, and that it was unauthorized and without her permission, and that he kept knowledge of the accident from Miss Underwood for fear that he would lose his job with her as a result of the unauthorized use of her car; and that, so far as deponent knows, Miss Florence M. Underwood did not know, and does not know yet, Clifford D. Wright, who accompanied him on this trip, nor that the car was being used to transport him."

"Personally appeared before me Florence M. Underwood, who being duly sworn says that she is a citizen and resident

of the State of Illinois and resides at Lake Forest in said State.

"Deponent further states that she has read the summons and complaint in the above entitled action, and that on April 6, 1939, she was not operating a motor vehicle on the public highways of the State of South Carolina, or on the streets of any incorporated or unincorporated municipality, or public roads in the said State of South Carolina; and that deponent had no accident or collision with any person or persons, as is set forth and alleged in the complaint in this action and has no knowledge or information sufficient to form a belief that any person or persons were driving or operating a car owned by her in her behalf or otherwise, at the said time and date, as are set forth and alleged in the complaint in this action.

"That deponent makes this affidavit for the purpose of having an attempted service had against her in the above entitled action vacated and set aside, and appears in this action solely for that purpose, and no other."

The Circuit Judge refused the motion in a formal order which is not set forth in the record but it is indicated in the arguments that the Court did not state the reasons for the holding. From this order these appeals were prosecuted upon exceptions whereby appellant states the question raised to be: "Were the pleadings before the Court sufficient to show that the defendant automobile, admittedly the property of the defendant, Florence M. Underwood, was being operated by her, for her or under her control or direction either specifically or impliedly, at the time and place, as to come within the provisions of Section 437 of the Code of 1932, as amended by Act No. 183, Acts of 1935?"

And the respondents state the question in the following form: "Did the Court below properly exercise its powers in refusing to vacate the service upon the defendant Underwood on the showing made before it and in requiring a trial on the merits?"

No prior adjudication of this Court relevant to the question presented has been called to our attention. Cases from other jurisdictions are of course dependent upon the various wordings of their respective statutes. See 5 A. J., 830, and notes in 82 A. L. R., 770, and 96 A. L. R., 596.

In our view it is not necessary in these appeals, as suggested by respondents, to pass upon whether such substituted service may be set aside in any case on a factual showing by affidavits, and hence it is unnecessary to, and we shall not, discuss such problem. We are of the opinion that the showing made in these cases is insufficient in any event to justify a setting aside of the service under the statute and the lower Court committed no error in refusing to do so.

Analysis of the quoted affidavits, particularly that of the appellant, indicates the makers' failure and apparent unwillingness to fully disclose the facts and circumstances of the operation of appellant's automobile at the time of the alleged collision; and we think they should not be permitted to overcome the allegation contained in the verified complaints that the vehicle was being operated by an agent and servant of the appellant.

It may be noted that upon trial of the actions the appellant will have full opportunity to discharge herself from personal liability by showing, if she can, that she is not responsible as master or otherwise for the alleged negligence, etc., with which her automobile was being operated.

The orders appealed from are affirmed and the cases remanded to the Circuit Court.

Mr. Chief Justice Bonham, Messrs. Justices Baker and Fishburne and Mr. Acting Associate Justice Wm. H. Grimball, concur.