**BOULAY v. PONTIKES et al**

No. 792.

United States District Court
W. D. Missouri, Southwestern Division.

Nov. 9, 1950.

Charles M. Cook, Carthage, Mo., for plaintiff.

Laurence H. Flanigan, McReynolds, Flanigan & Flanigan, Carthage, Mo., for defendants.

RIDGE, District Judge.

Substituted service of process was had on defendants in this action under Section 8410.1 et seq., Mo.R.S.A., commonly referred to as the Non-resident Motorist Statutes of Missouri. A Plymouth sedan owned by defendant Emkay Car Leasing Company, an Illinois corporation, was driven by the defendant Pontikes on a highway in the State of Missouri, while defendant Giusti was riding therein, when it came into collision with an automobile operated by plaintiff. The complaint alleges that defendant Emkay Car Leasing Company leased said automobile to defendants Pontikes and Giusti, and that defendant Pontikes, while driving the same at the time of the occurrence in question, "was acting under the control, supervision and as agent for the defendant, Steve Giusti" and that said individual defendants "were jointly engaged in transporting said automobile from Chicago to ——, for their mutual benefit and pleasure, and each had an equal right to direct and control the conduct of the other in respect to the operation" thereof. Specific acts of negligence are charged against the individual defendants in the complaint. The right of action asserted against the corporate defendant is that it was negligent: "In renting, leasing and entrusting said 1950 Plymouth Sedan to said defendants, Chris Pontikes and Steve Giusti, when the defendant knew or should have known that the defendants Chris Pontikes and Steve Giusti were minors and were reckless and incompetent, and that danger to third persons and property would be the reasonable consequence of the operation of said automobile by said defendants, Chris Pontikes and Steve Giusti."

Under the above state of facts, the corporate defendant, owner of the Plymouth automobile, and the individual defendant Giusti, separately, seek dismissal of this action as to them, for lack of jurisdiction over their persons, and to have the sheriff's return in this removal action quashed, because of insufficiency of service of process upon them.

The pertinent parts of the statutes of Missouri under which substituted service of process was had on defendants, read as follows:

Section 8410.1, Mo.R.S.A. provides that: "The use and operation of a motor vehicle * * * in this State on the public highways thereof by a person who is a non-resident * * * shall be deemed" an agreement to substituted service of process through the Secretary of the State of Missouri. Section 8410.3, Mo.R.S.A. defines, "The term 'Person', as used in the above section to mean: a. The owner of the motor vehicle * * * whether it is being used and operated personally by said owner or by his agent * * * (and) c. Any person who is in charge of the motor vehicle * * * and of the use and operation thereof with the express or implied consent of the owner."

First as to the motion of defendant Emkay Car Leasing Company. Said defendant

seeks dismissal and to have process herein quashed, because under the facts alleged in the complaint it is not a "person" within the purview of the above statute upon which substituted service of such process may be had. Its contention amounts to this: The complaint alleges that it "leased" the Plymouth automobile in question to the individual defendants; process under the above statutes may be directed only against a non-resident owner of an automobile if it is used and operated on the highways of Missouri by him or "by his agent"; as lessees of the Plymouth automobile, the individual defendants cannot be said to be "its agents" at the time of the collision alleged in the complaint; therefore, it asserts the substituted service of process had upon it under the above facts is void and, as a consequence, this Court has no jurisdiction over said defendant.

■ The Non-resident Motorist Statute of Missouri, imposing a contractual obligation on non-resident motorists who use the highways of said State for the operation of their motor vehicles, is in derogation of the common law and affects substantial rights so that it cannot be extended by implication but must be strictly construed. Cf. Wood v. White, 97 F.2d 646; certiorari denied 304 U.S. 578, 58 S.Ct. 1048, 82 L.Ed. 1541; Kirchner v. N. & W. Overall Co., D.C., 16 F.Supp. 915. It is apparent from the provisions thereof that the non-resident owner of an automobile is a "person" subject to substituted service of process thereunder only if the motor vehicle is "operated personally by said owner or by his agent" on the highways of Missouri. We do not believe that authorities are necessary to conclude that the term "agent" as used in said statutes must be interpreted other than according to the legal meaning which the law ordinarily attaches to it. In the sense in which that term is therein used, it is apparent that it contemplates a relationship that has all the legal consequences of *respondeat superior* considered from a tort liability standpoint. That is the only legal and sensible construction that can be made of such term so as to make a non-resident owner of an automobile liable for an injury occasioned by the negligent use of his car within the ambit of said statutes.

■ On the face of the complaint herein, it appears that defendant Emkay Car Leasing Company leased an automobile owned by it to the individual defendants. In its motion to dismiss and quash the service of process, said defendant contends that the relationship between it and the individual defendants is that of "independent contractors," and it exhibits a written agreement between them, in which it is specifically provided that "in handling the above described vehicle (the individual defendants are) not acting as an employee of Emkay Car Leasing Co." Plaintiff has offered no suggestions or exhibits against said motion tending to show a master-servant relationship existing between the corporate and individual defendants herein. Not having done so, we need not look further than to the allegations of the complaint and the exhibits attached to the corporate defendant's motion to determine whether the individual defendants, or either of them, under the facts stated, was or were the "agent" of Emkay Car Leasing Company, at the time of the occurrence in question so as to make that corporate defendant amenable to process under the aforesaid statutes. We think that the foregoing undisputed facts, found in the record, do not warrant a finding that the individual defendants herein were "agents" of the corporate defendant at said time so as to make the corporate defendant subject to substituted service of process under the above statutes. A "lessee" is not an "agent" of the owner of a motor vehicle within the purview of said statute. If the individual defendants were independent contractors, they likewise were not "agents" of the owner. Maher v. Donk Bros. Coal & Coke Co., 323 Mo. 799, 20 S.W.2d 888, 894.

■ To bring the corporate defendant within the purview of said statutes, plaintiff makes the allegations, supra, relating to "renting, leasing and entrusting," etc. In making such charge, plaintiff evidently relies upon the ruling made by my associate, Judge Albert L. Reeves, in McGuire v. Parker, D.C., 78 F.Supp. 199. That de-

cision is to be distinguished from the case at bar, in this: The "renting, leasing and entrusting" of the Plymouth automobile here considered occurred in the State of Illinois. There is no allegation in the complaint, or covenant in the lease agreement consummated by defendants, which reveals that the highways of Missouri were within the contemplation thereof or would be required to be used as a part of such arrangement. Therefore, assuming without deciding that the corporate defendant herein was negligent in the respects as charged, such negligence, if it occurred, happened in a State other than Missouri, and we are at a loss to determine how, under the undisputed facts before us, such an act could possibly meet the statutory test for substituted service as here attempted. Plaintiff has not attempted to enlighten us concerning that proposition. The motion of defendant Emkay Car Leasing Company to dismiss this action as to it, and quash return of service of process, is by the Court sustained.

■ As to defendant Giusti's motion to dismiss. The premise thereof is that he is not a "person" subject to substituted service of process under the aforesaid statutes, because he asserts he was a "mere passenger * * * merely riding in the (car) with the permission of the (driver)." The allegations contained in the complaint to the effect that he and Pontikes were engaged in a joint enterprise and equally had the right of control of the Plymouth automobile at the time of occurrence in question, are sufficient to bring Giusti within the ambit of the statutes here considered. To be amenable to service of process thereunder, one needs be only "in charge of the motor vehicle". Those engaged in a joint enterprise involving an automobile are equally chargeable with the negligent operation thereof. Tannehill v. Kansas City C. & S. Ry. Co., 279 Mo. 158, 213 S.W. 818. Whether Giusti was a mere passenger or guest and not engaged in a joint enterprise at the time in question is a matter of defense that cannot be determined on motion to dismiss. Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967; Moor-

er v. Underwood, 194 S.C. 73, 9 S.E.2d 29. Defendant Giusti's motion to dismiss and quash service of process must be overruled. It is so ordered.

■ Plaintiff, like defendants herein, is a non-resident of the State of Missouri and of this District. Defendant Pontikes has filed motion to require plaintiff to give security for the costs of this action. Under the circumstances, said motion should be sustained. Local Court Rule 4; Wheeler v. Lientz, D.C., 25 F.Supp. 939. Plaintiff will, within thirty days, deposit with the Clerk the sum of $100, or otherwise secure the payment of same in accordance with the above Local Court Rule.