## 20983

SOUTH CAROLINA STATE LAW ENFORCEMENT DIVISION, Appellant, v. Clyde D. CROOK and First Palmetto State Bank & Trust Company, Respondents, 1975 Ford Thunderbird (Black) VIN 5Y87A123033, S. C. Lic.˙No. JKA 115, Conveyance.

(255 S. E. (2d) 846)

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Brian P. Gibbes* and *Staff Atty. Buford S. Mabry, Jr.,* Columbia, and *Sol. Donald V. Myers,* Lexington, *for appellant.*

*Thomas J. Hummel,* of *Lewis, Lewis, Robinson & Robinson,* Columbia, *for respondents.*

June 11, 1979.

Lewis, Chief Justice:

This appeal involves the right of the State to the forfeiture of an automobile used in the transportation of marijuana.

The lower court denied forfeiture against the claim of a lienholder and the State appeals. We reverse.

The facts are not in dispute. Law enforcement officers seized a 1975 Ford Thunderbird automobile, owned by Clyde Crook and being used at the time to transport approximately thirty-five (35) pounds of marijuana. Thereafter the State brought this action, pursuant to Section 44-53-530 of the 1976 Code of Laws, against Crook, the owner, and respondent Palmetto State Bank & Trust Company, the holder of the lien on the automobile, to have Crook's vehicle declared forfeited to the State. The pertinent portions of Section 44-53-530 state:

(1) All conveyances including, . . ., motor vehicles . . ., which are used to transport one pound or more of marijuana, . . . shall except as otherwise provided herein be forfeited to the State.

But, under subsection 3 of Section 44-53-530:

No forfeiture shall be granted of any conveyance belonging to any innocent owner, duly licensed rental agency, or lienholder of record with the State Highway Department, unless it shall appear that such owner, rental agency or one of its agents, servants or employees, or the lienholder or one of its agents, servants or employees was a consenting party or privy to a violation of this article.

Crook did not contest the action for forfeiture and is, therefore, not a party to this appeal.

In the proceedings before the lower court, respondent Bank denied all knowledge of Crook's unlawful drug activities and asserted that the above quoted provisions of subsection 3 precluded forfeiture since respondent was at all times an innocent lienholder. The State disagreed with respondent's construction of subsection 3 but contended that, in any event, forfeiture should be ordered and the lien of respondent defeated because the borrower and respondent had not complied with the provisions of subsection 5a of

Section 44-53-530 by executing the affidavit required therein. Subsection 5a is as follows:

The lien of any innocent person or other legal entity, duly recorded with the State Highway Department, shall continue in force upon transfer of title of any forfeited conveyance and any transfer of title shall be subject to such lien. Provided, that an affidavit is signed by the borrower at the time of financing stating that he has not been convicted or is presently charged with violation of this article or any drug act.

Crook, the borrower, did not sign the affidavit required by the proviso to subsection 5a, and appellant contends respondent's lien could not survive because of such failure. Respondent, on the other hand, argues that the affidavit is only required in post forfeiture proceedings. The lower court erroneously adopted respondent's view and held that subsection 5a did not apply in this case.

The intent of subsection 5a is to protect an innocent lienholder provided the lienholder inquired into the character of the borrower and secured an affidavit from him, at the time of the loan, stating that he had not been convicted nor was presently charged with the violation of any drug law.

The requirements for forfeiture of vehicles used in the drug traffic were clearly intended to curb the distribution of drugs and the statute must be interpreted in the light of the evil sought to be remedied. It is correctly pointed out that subsection 5a is applicable in every case; and was designed to require lenders to closely inquire into the character of prospective borrowers and put borrowers on notice *at the time of financing* that conveyances used in contravention of the drug laws would be subject to forfeiture to the State. The contention that the affidavit is required in post forfeiture proceedings is contrary to the clear, plain, and unambiguous requirement of the proviso to subsection 5a that the affidavit must be "signed by the borrower at the

time of financing." If the affidavit is not signed at the time of financing the lien does not survive forfeiture.

The practical effect of this holding is to require lenders *at the time of financing* to inquire into the character of the borrowers and, at the time, put the borrower and the public on notice as to the penalties for engaging in illegal trafficking of drugs. This construction does not limit financing but simply gives notice that a secured loan made to one who is charged or has been convicted of drug violations will not survive forfeiture of the vehicle financed.

The judgment is reversed and the cause remanded for further proceedings in accord with this opinion.

NESS, RHODES and GREGORY, JJ., concur.

LITTLEJOHN, J., disqualified.