## 21260

YARBOROUGH AND COMPANY, a North Carolina Corporation, North American Reiss Corp., a Delaware Corporation, the Mead Corporation, Paperboard Products Division, an Ohio Corporation, International Wood Products, Inc., a Tennessee Corporation, and Schutte Pulverizer Company, Inc., a New York Corporation, Respondents, v. SCHOOLFIELD FURNITURE INDUSTRIES, INC., a subsidiary of Hickory Furniture Company and Hickory Furniture Company, a Delaware Corporation, with its principal place of business in North Carolina, Defendants, of whom Hickory Furniture Company, a Delaware Corporation, with its principal place of business in North Carolina, is Appellant.

(268 S. E. (2d) 42)

*Harry C. Wilson, Jr.* of *Nash, Chappell & Wilson,* Sumter, *for appellant.*

*Philip Wittenberg* of *Levi & Wittenberg,* Sumter, *for respondents.*

July 2, 1980.

NESS, Justice:

This appeal is from an order denying appellant Hickory Furniture Company's motion to quash service for lack of *in personam* jurisdiction. We reverse.

Appellant is a Delaware corporation with its principal place of business in Hickory, North Carolina. Schoolfield Furniture Industries, Inc., is a wholly-owned subsidiary which operates a furniture plant in Mullins, South Carolina. Respondents, all foreign corporations with principal places of business in states other than South Carolina, are unsecured business creditors of Schoolfield.

Respondents, seeking to hold appellant liable for Schoolfield's debts, effected personal service in North Carolina. Appellant appeared specially and moved to quash the service for lack of *in personam* jurisdiction. The trial court denied the motion relying on affidavits prepared by respondents' counsel and the case of *Abney Mills v. Tri-State Motor Transit Co.,* 265 N. C. 61, 143 S. E. (2d) 235 (1965).

The sole issue before this Court is whether the trial court erred in denying appellant's motion to quash service. We hold it did.

> "[A] State court may exercise personal jurisdiction over a nonresident defendant only so long as there exist 'minimum contacts' between the defendant and

the forum State." *World-Wide Volkswagen Corp. v. Woodson,* —— U. S. ——, ——, 100 S. Ct. 559, 564, 62 L. Ed. (2d) 490 (1980), *citing International Shoe Co. v. State of Washington,* 326 U. S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945). When jurisdiction is challenged, the plaintiff has the burden of presenting facts sufficient to establish jurisdiction.

Respondents' counsel prepared two affidavits. These affidavits are conclusory in nature and based almost entirely on hearsay. We hold they should have been excluded from the trial court's consideration. *See* 2A CJS, Affidavits, §§ 50, 60; *cf. Charles R. Allen, Inc. v. Island Cooperative Services Coop. Ass'n., Ltd.,* 234 S. C. 537, 109 S. E. (2d) 446 (1959).

Assuming the facts contained in the affidavits to be true, we do believe they are insufficient to sustain the exercise of *in personam* jurisdiction over appellant in this case. Appellant neither owns property nor transacts business in South Carolina. It allegedly contracted in this State for the purchase of Schoolfield's common stock. In their efforts to establish jurisdiction respondents rely on this fact, the public identification of Schoolfield as appellant's subsidiary and the sharing of some common officers and/or directors.

The mere acquisition and control of a domestic subsidiary's capital stock does not subject the foreign parent to the jurisdiction of that State's courts.[1] Common officers and/or directors and public identification of one corporation as the other's subsidiary do not, without more, support the conclusion the subsidiary is its parent's

---

[1] *E. g., Cannon Mfg. Co. v. Cudahy Packaging Co.,* 267 U. S. 333, 45 S. Ct. 250, 69 L. Ed. 634 (1925); *LaVarre v. International Paper Co.,* 37 F. (2d) 141 (E. D. S. C. 1929); 17 Fletcher Cyc. Corp. & 8490, p. 592 (Rev. Perm. Ed. 1977); Annot., 18 ALR (2d) 187, 193 (1951). This rule applies even where the foreign parent was organized for the sole purpose of acquiring and holding the domestic subsidiary's stock. *Mid-Continent Tel. Corp. v. Home Tel. Co.,* 307 F. Supp. 1014 (N. D. Miss. 1969).

alter ego or agent for the transaction of its business. *See Hermetic Seal Corp. v. Savoy Electronics, Inc.*, 290 F. Supp. 240 (D. C. Fla. 1967), aff'd., 401 F. (2d) 775 (5th Cir. 1968); *Scalise v. Beech Aircraft Corp.*, 276 F. Supp. 58 (E. D. Pa. 1967).

The trial court's reliance on *Abney Mills, supra,* was misplaced. That case concerned an action between two foreign corporations for the alleged breach of a contract entered into and to be performed in the forum State. An analogous situation would be presented only if suit were brought on appellant's contract to purchase Schoolfield's common stock. While jurisdiction could be exercised over appellant under § 36-2-803(1)(g), Code of Laws of South Carolina (1976), that section applies only to causes of action arising directly from the act relied upon to establish jurisdiction. Code § 36-2-803(2). Here respondents seek to assert jurisdiction in an action on unrelated contracts to which appellant was not a party.

We hold appellant lacks sufficient contacts with this State to bring the trial court's exercise of *in personam* jurisdiction within those "traditional notions of fair play and substantial justice" which the due process clause ensures. *Troy H. Cribb & Sons, Inc. v. Cliffstar Corp.*, S. C., 258 S. E. (2d) 108, 109 (1979); *Jenkinson v. Murrow Bros. Seed Co., Inc.*, 272 S. C. 148, 151, 249 S. E. (2d) 780, 782 (1978). The order denying appellant's motion to quash service is reversed.

Reverse.

LEWIS, C. J., LITTLEJOHN and GREGORY, JJ., and WALTER T. COX, III, Acting Associate Justice, concur.