21550

J. T. McCOMB, Sr., and Clara Lee McComb, Respondents, v. TIBU-
RON AIRCRAFT, INC., Thomas Keene Edenfield, Jr., Ann L.
Edenfield and Hugh H. Duncan, Defendants, of whom Tiburon
Aircraft, Inc. is Appellant.
(281 S. E. (2d) 482)

*J. M. Jordan,* of *Burns, McDonald, Bradford, Erwin &
Patrick,* Greenwood, *for appellant.*

*O. Lee Sturkey,* of *Sturkey & Jones,* McCormick, *for
respondents.*

August 18, 1981.

LEWIS, Chief Justice:

The defendant, Tiburon Aircraft, Inc., a nonresident of
South Carolina, appeals from an order of the trial court

holding that Tiburon was subject to personal jurisdiction in this State. We affirm.

The marijuana-laden aircraft of Tiburon crashed in Mc-Cormick County, South Carolina, while being operated by pilots previously employed to deliver the plane from Colorado to Costa Rica. The lower court held that there was sufficient evidence to infer the plane was operated by Tiburon's agents at the time of the crash, therefore, Tiburon was subject to personal jurisdiction under Section 36-2-803(1)(c), South Carolina Code of Laws (1976), which authorizes the exercise of personal jurisdiction over a person as to a cause of action arising from the person's "commission of a tortious act in whole or in part in the State." Tiburon contends that the pilots, both killed in the crash, had stolen the plane and the flight over South Carolina was unauthorized.

The undisputed facts unexplained by competent evidence, that Tiburon employed the pilots to fly the plane from Colorado to Costa Rica and that these pilots were operating Tiburon's plane when it crashed in this State, made out a *prima facie* case upon which to sustain a finding that the plane was being operated by agents of Tiburon. The lower court properly refused to take at face value the hearsay affidavit, filed by Tiburon, that the pilots had stolen the plane; and properly weighed the veracity of the affidavit in the light of possible criminal charges that might follow a contrary admission.

The action of the lower court is fully sustained by the case of *Moorer v. Underwood,* 194 S. C. 73, 9 S. E. (2d) 29.

Judgment affirmed.

LITTLEJOHN, GREGORY and HARWELL, JJ., concur.

NESS, J., dissents.

NESS, Justice (dissenting):

Disagreeing with the majority view, I dissent.

The respondents instituted a trespass action seeking money damages. Tiburon by special appearance, moved to quash service of process, asserting the court lacked personal jurisdiction. I agree.

The facts reveal the pilots were employed by Tiburon to fly the plane from Colorado to Costa Rica, where the aircraft was to be *repaired* and *leased* to a Costa Rican corporation. *Two weeks* later Tiburon was informed the plane had crashed in South Carolina. They contacted the Costa Rican authorities and were advised the plane had been stolen. Tiburon asserts the flight to South Carolina was unauthorized. The trial court held there was sufficient evidence to infer the plane was operated by Tiburon's agents, therefore, Tiburon was subject to personal jurisdiction under S. C. Code § 36-2-803(1)(c) (1976).

It is uncontested that Tiburon's plane crashed in South Carolina and personal jurisdiction may be exercised under § 36-2-803(1)(c) for the "commission of a tortious act in whole or in part in this State; . . ." However, personal jurisdiction under a long arm statute may be exercised only when it does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. State of Washington,* 326 U. S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945).

When a defendant challenges jurisdiction, the plaintiff bears the burden of establishing it. *Yarborough and Company v. Schoolfield Furniture Industries, Inc.,* 275 S. C. 151, 268 S. E. (2d) 42 (1980).

In *Parker v. Williams & Madjanik, Inc.,* 270 S. C. 570, 243 S. E. (2d) 451 (1978), we held:

"Our (This) court has established four considerations which are to be used in determining whether a nonresident has sufficient contacts in the state to confer jurisdiction. These considerations are: (1) the duration of the nonresident's activity in the state; (2) the character and circumstances of the commission of the nonresident's acts and (3)

the inconveniences of the parties in conferring or refusing to confer jurisdiction over the nonresident. *Boney v. Trans-State Dredging Company,* 237 S. C. 54, 115 S. E. (2d) 508.

"In addition to the criteria set forth above, the courts in other jurisdictions, . . . look to the interest of the state in exercising jurisdiction. *State v. Advanced Marketing Consultants, Inc.,* 66 Wis. (2d) 706, 225 N. W. (2d) 887."

A similar analysis was used by the United States Supreme Court in *World-Wide Volkswagen Corp., et al. v. Woodson,* 444 U. S. 286, 100 S. Ct. 559, 564, 62 L. Ed. (2d) 490 (1980) added: "the interstate judicial system's interest in obtaining the most efficient resolution of the controversies———."

The due process clause of the Fourteenth Amendment limits the power of a court to render a valid personal judgment against an individual or corporate defendant with which the forum state has "no contacts, ties or relations." *International Shoe Co.,* 326 U. S. at 319, 66 S. Ct. at 159. The minimum contacts with the forum state must be such that maintenance of the action does not "offend traditional notions of fair play and substantial justice." *International Shoe Co.,* 326 U. S. at 316, 66 S. Ct. at 158.

The majority opinion relies upon *Moorer, et al. v. Underwood, et al.,* 194 S. C. 73, 9 S. E. (2d) 29 (1940), which I think is inapposite. *Moorer* involves an undisputed principal-agent relationship. The agent was employed and the principal was present in the State when the collision occurred. In the instant case Tiburon asserts no relationship existed beyond the time the plane was delivered to Costa Rica. There is *nothing in the record* to indicate any continuing relationship between Tiburon and the two pilots. Moreover, when an agency is limited to some particular object or the accomplishment of some particular transaction, "(s)uch an agency is terminated by the completion

of the transaction for the accomplishment of which it was created." 3 Am. Jur. (2d), Agency, § 36; Restatement, Agency (2d Ed.), § 106. *Clinkenbeard v. Central Southwest Oil Corp.*, 526 F. (2d) 649 (5th Cir. 1976).

Where the existence of an agency depends upon the acts of the parties the law makes no presumption of agencies; it is a fact to be proved. *Fertitta v. Herndon*, 175 Md. 560, 3 A. (2d) 502, 120 A. L. R. 1317; *Southern Surety Co. v. Gilkey-Duff Hardware Co.*, 166 Okl. 84, 26 P. (2d) 144, 89 A. L. R. 888; 3 Am. Jur. (2d) § 349, p. 706.

Frequently an agency is limited to some particular object or the accomplishment of some particular transaction. Such an agency is terminated by the completion of the transaction for the accomplishment of which it was created. Restatement, Agency (2d) § 106; 3 Am. Jur. (2d), 39, p. 441.

The apparent power of an agent is to be determined by the acts of the principal, and not by the acts of the agent; a principal is cipal by his acts or conduct has clothed the agent with the appearance of authority, and not where the agent's own conduct and statements have created the apparent authority. 3 Am. Jur. (2d) § 74, p. 476; *Smith-Perry Electric Company v. Transport Clearings of Los Angeles*, 243 F. (2d) 819 (5th Cir. 1957; *American National Bank v. Bartlett*, 40 F. (2d) 21 (10th Cir. 1930).

The rationale of *International Shoe Company v. State of Washington, supra* and *McGee v. International Life Insurance Co.*, 355 U. S. 220, 78 S. Ct. 199, 2 L. Ed. (2d) 223 (1957), is that before a forum can exercise jurisdiction it is essential that there be a showing that the nonresident defendant *purposefully availed* itself of the privilege of conducting the activities within the forum state.

The question is whether it has been established that the corporation directed the pilots to only deliver the plane to Costa Rica. I think it did.

Additionally the majority opinion concedes that the plane was being operated by pilots "previously employed to deliver the plane from Colorado to Costa Rica."

There was a total severance of the relationship of master and servant when the pilots delivered the airplane in Costa Rica. Under the facts of this case, I would hold Tiburon does not have sufficient contacts wtih this State to subject it to personal jurisdiction in our courts and the trial court's exercise of jurisdiction offended due process of law.

I would reverse.