22239

SOUTH CAROLINA LAW ENFORCEMENT DIVISION, Appellant, v. The "MICHAEL AND LANCE" (68 FOOT DOUBLE NET SHRIMP TRAWLER, WHITE HULL WITH BLACK TRIM, and NORTH CAROLINA FISHERIES LICENSE NO. AC-892), Respondent.

(327 S. E. (2d) 327)

Supreme Court

*Atty. Gen. T. Travis Medlock* and *Asst. Atty. Gen. Clifford O. Koon, Jr.;* and *Victor S. Evans,* of *S. C. Department of Highways & Public Transportation,* Columbia, *for appellant.*

*George L. Jones,* Charleston, *for respondent.*

Writ Issued Aug. 20, 1984.

Heard Feb. 4, 1985.

Decided Feb. 20, 1985.

LITTLEJOHN, Chief Justice:

This action was brought in the Court of Common Pleas for Charleston County by the South Carolina Law Enforcement

Division (SLED) to have the "Michael & Lance," a boat, declared forfeited to the state after it was used to smuggle marijuana. The defendant is the "Michael & Lance," a sixty-eight foot net shrimp trawler, white hull with black trim, and North Carolina fisheries License number AC-892. The owner of the boat is C & B Seafood Company, Inc., a South Carolina Corporation. The proceeding was brought pursuant to South Carolina Code § 44-53-530 (1976). That section provides in pertinent part: "All conveyances including, . . . water going vessels which are used . . . to unlawfully conceal, contain, or transport . . . controlled substances . . . shall be forfeited to the State."

The corporation has two stockholders who own equal shares. They are George Steve Crosby, Sr., who serves as president, and James Larry Bryant, who serves as vice-president, secretary and treasurer.

The trial judge denied the petition holding that at the time Bryant hauled marijuana on the boat he was acting outside the scope of his authority and the course of his employment. The judge ruled that Bryant's knowledge could not be imputed to the corporation and that the corporation was an innocent owner. Section 44-53-530(4)(a) provides that property of an innocent owner shall not be forfeited unless such owner was ". . . a consenting party to, or privy to, or had knowledge of the concealment, containment or transportation of a controlled substance."

The appeal of SLED was heard by the Court of Appeals which affirmed the ruling of the trial judge. *South Carolina Law Enforcement Division v. Michael & Lance*, 281 S. C. 339, 315 S. E. (2d) 171 (App. 1984). We granted *certiorari*, 327 S. E. (2d) 328, and now quash the opinion of the Court of Appeals.

Bryant was operating the boat consistent with the work of the corporation when he took it to Florida on a shrimping expedition. On the return trip to Charleston, he brought back a load of marijuana. The boat was searched and seized. Bryant was arrested, charged with drug trafficking and pled guilty in the United States District Court to smuggling more than one pound of marijuana.

The *gravamen* of the trial judge's ruling, affirmed by the Court of Appeals, is that there was no evidence that President Crosby in Charleston or the corporation knew anything

about the marijuana being transported. He obviously accepted the contention of Bryant and of Crosby that Bryant strayed from the corporate mission leaving the scope and course of his employment.

The basic question which this Court is called on to answer is: Was the corporation an innocent owner? We disagree with the trial judge and the Court of Appeals which held that the knowledge of Bryant was not imputed to the corporation. A corporation can not know anything nor do anything except through its agents. Undisputably, Bryant was an agent of the corporation when he went to Florida on a trawling mission. Somewhere along the line, like Dr. Jekyll and Mr. Hyde, he became a different character. He was transposed from Bryant, the corporate officer and agent, to Bryant, the drug smuggler. If Bryant the corporate officer had delivered the boat to John Doe knowing that John Doe was going to smuggle marijuana, it could be hardly argued that the corporation was an innocent owner. In the same fashion, when Bryant, the corporate officer, turned the boat over to Bryant, the drug smuggler, Bryant, the corporate officer, was not innocent and, in turn, the corporation was not innocent.

If Bryant was not acting on behalf of the corporation when he hauled the marijuana, he was certainly an officer of the corporation when he surrendered it to himself as a drug smuggler. All of his knowledge and all of his acts were, as a matter of law, imputed to the corporation. In reality, it might be just as forceably argued that since Bryant had the knowledge, the corporation had the knowledge and that accordingly, the corporation had actual knowledge. Under the forfeiture statute, the boat, the "Michael & Lance," must be, and is hereby, forfeited to the State of South Carolina.

We quash the opinion and ruling of the Court of Appeals and remand the case to the Court of Common Pleas for Charleston County for entry of an order forfeiting the boat to the State.

Quashed and remanded.

NESS, GREGORY, HARWELL and CHANDLER, JJ., concur.