Janet A. KING, Plaintiff

v.

YORK GOLF AND TENNIS
CLUB, Defendant

No. 02–111–P–C.

United States District Court, D. Maine.

Nov. 5, 2002.

James S. Hewes, Portland, ME, Janet E. Dutcher, Kazarosian Law Offices, Haverhill, MA, for Janet A King, plaintiff.

Paul C. Catsos, Thompson & Bowie, Portland, ME, for York Golf and Tennis Club, defendant.

## ORDER AFFIRMING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

GENE CARTER, District Judge.

The United States Magistrate Judge having filed with the Court on October 9, 2002, with copies to counsel, his Recommended Decision on Defendant's Motion to Dismiss (Docket No. 8) in the above-entitled matter; and the time for filing objections thereto having expired without any objections having been filed; *see* 28 U.S.C. § 636(b)(1); and this Court having reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; and having made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; and this Court concurring with the recommendations of the United States Magistrate Judge for the reasons set forth in his Recommended Decision, and having determined that no further proceeding is necessary; it is **ORDERED** as follows:

(1) The Recommended Decision of the Magistrate Judge is hereby **AFFIRMED**.

(2) Defendant's Motion to Dismiss is hereby **DENIED**.

## RECOMMENDED DECISION ON DEFENDANT'S MOTION TO DISMISS

DAVID M. COHEN, United States Magistrate Judge.

The defendant, York Golf and Tennis Club, moves to dismiss this diversity action on the ground that the amount in controversy does not exceed $75,000, as required by 28 U.S.C. § 1332. I recommend that the court deny the motion.

The verified complaint alleges that the plaintiff, a resident of Massachusetts, was injured while playing golf on premises owned by the defendant, a business located in Maine. Complaint (Docket No. 1) ¶¶ 2–5. It includes a demand for $150,000 in damages. *Id.* at 2. The defendant seeks dismissal, contending that the plaintiff "has failed to set forth specific claims which would entitle her to an award of $75,000.00 or more." Defendant's Motion and Incorporated Memorandum of Law to Dismiss for Lack of Jurisdiction ("Motion") (Docket No. 4) at 2.

 The jurisdictional statute applicable to this case provides, in relevant part, that

[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –

(1) citizens of different States. . . .

28 U.S.C. § 1332(a).

The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. . . . [I]f, from the face of the pleadings, it is apparent, to a legal certainty, that the

plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.

*St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, 58 S.Ct. 586, 82 L.Ed. 845 (1938) (footnotes omitted).

[T]he party invoking jurisdiction has the burden to show that it is proper. In an amount-in-controversy case, however, all the plaintiff must do to carry this burden in the face of a motion to dismiss is to set forth facts which, if true, would prevent the trier from concluding *to a legal certainty* that the potential recovery is capped at a figure below the jurisdictional minimum.

*Barrett v. Lombardi*, 239 F.3d 23, 30–31 (1st Cir.2001) (emphasis in original; citations omitted) (accepting plaintiff's estimate of value of shares of stock at issue). A plaintiff may meet this burden by submitting affidavits. *Huffmire v. Town of Boothbay*, 35 F.Supp.2d 122, 126 (D.Me. 1999) (accepting as sufficient plaintiffs' affidavit concerning rental prices for various sites that might be available to them). In a case involving a claim for pain and suffering, "it is very difficult to be legally certain that the jurisdictional limit is not met." *Duchesne v. American Airlines, Inc.*, 758 F.2d 27, 28 (1st Cir.1985) (citation and internal quotation marks omitted). The plaintiff must be given the benefit of the doubt "on all matters where there is an issue of credibility." *Id.*

 In this case, the plaintiff has provided her own affidavit in which she sets forth the details of the incident giving rise to her injury, the treatment she sought, the period of time during which she was disabled, the ongoing effects of the injury

and the medical costs she has incurred to date ($10,149.18). Affidavit of Janet King, etc. (Docket No. 6) ¶¶ 2–13. Copies of the plaintiff's medical bills are attached to her memorandum of law submitted in opposition to the motion. She also reports that she has been advised by a surgeon that she will require a total knee replacement in the future and that the cost of this procedure will be between $12,000 and $14,000. *Id.* ¶¶ 14–15. As a result of this surgery, she expects to lose $9,000 in income for the resulting period of disability. *Id.* ¶ 16. The total for medical bills and lost wages is between $31,339 and $33,349. Opposition to Defendant's Motion, etc. (Docket No. 5) at 5. The complaint includes a claim for emotional distress and pain and suffering. Complaint (Docket No. 1) ¶ 7.

The defendant responds by asking the court to strike the affidavit, contending that "it is obviously based on hearsay." Reply to the Plaintiff's Objection to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket No. 7) at 2. The defendant asserts that only expert testimony is acceptable to tie the medical bills already received to injuries resulting from the plaintiff's fall and to substantiate the need for future medical procedures and the cost of those procedures. *Id.* at 2–3. It also points out that the medical bills provided have not been authenticated. *Id.* at 4. The only case cited by the defendant in support of its position in this regard, *Yarborough & Co. v. Schoolfield Furniture Indus., Inc.,* 275 S.C. 151, 268 S.E.2d 42 (1980), interprets state law with respect to long-arm jurisdiction and cannot provide persuasive authority for a federal court construing a federal statute.

It is not appropriate to turn a motion to dismiss for failure to meet the statutory jurisdictional minimum for diversity actions into a mini-trial, applying the rules of evidence or even the strictures of the rules governing summary judgment proceedings. Under *Barrett,* all that the plaintiff has to do is to set forth facts which, if true, would prevent this court from concluding to a legal certainty that she could not recover more than $75,000. The First Circuit does not require that the plaintiff prove that the facts are true at this point. Giving the plaintiff the benefit of the doubt, with $33,000 in medical expenses and lost income and a claim for pain and suffering and emotional distress during two extended periods of disability, it is not possible to conclude to a legal certainty that she could not recover more than $75,000 at trial. Accordingly, I recommend that the defendant's motion to dismiss be **DENIED**.

### NOTICE

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which* de novo *review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to* de novo *review by the district court and to appeal the district court's order.*

October 9, 2002.