## SEARLES v. CHRISTENSEN.

1. Where, after judgment is rendered against a defendant, attorneys other than those of record appear for him, and, upon affidavit of such defend-

ant, move the court to set aside such judgment on the ground of mistake or excusable neglect, no objection being made to the appearance of such attorneys,—it not appearing affirmatively that substitution was not made, and the court below fully considering the application on its merits,—an objection, made for the first time in this court, that such new attorneys could not and did not rightfully appear for defendant, and should not have been heard, will not be entertained.

2. Where an abstract sets out such matter, not jurisdictional, as could only be gathered from a duly authenticated record, the abstract will be construed as claiming that the record was properly authenticated, and in the absence of any denial such facts will be considered by this court as admitted. Mercantile Co. v. Faris (S. D.) 58 N. W. 813, followed.

3. The defendant, living in a county other than that in which the action was brought, being sued, immediately employed a regularly practicing attorney to represent him in the case. An unsuccessful attempt was made for a change of the place of trial. He then employed additional attorneys. An answer was prepared and served, which is fully set out in the affidavit. The case being set for trial at the January term, 1893, defendant appeared at the courthouse for the purpose of the trial, and was then and there informed by his senior attorney that the action against him was discontinued; that the plaintiff would take another case to the supreme court to test the question upon which defendant's liability depended. Defendant, believing in the correctness of this information,—no reason appearing why he should have doubted it,—returned to his home, and believed the case against him was discontinued until the following July, when he read in a newspaper reporting the court proceedings that judgment in such case had just been rendered against him. He immediately wrote his former attorneys for explanation, and employed new attorneys to make application for a vacation of the judgment. The answer, if true, presents a meritorious defense. *Held*, that the judgment should have been vacated, and a refusal to do so was a misuse of the court's discretion.

(Syllabus by the court. Opinion filed Sept. 1, 1894.)

Appeal from Minnehaha county court. Hon. E. PARLIMAN, Judge.

Action on a promissory note, in which there was a judgment for plaintiff by default. From an order denying a motion to open and vacate such judgment, defendant appeals. Reversed.

The facts are stated in the opinion.

*Schenian* and *Savage*, for appellant.

A party may be relieved from a judgment obtained against him by reason of the negligence, ignorance, or fraud of his attorneys, without resorting to an action against the attorney, or showing him to be insolvent. 1 Black Judg. 417; Sharp v. Mayor, 31 Barb, 578; Allen v. Hoffman, 12 Ill. App. 573; Ordway v. Suchart, 31 Ia. 481; California Belt Co. v. Porter, 9 Pac. 313; N. S. v. Throckmorton, 98 U. S. 65; Wells Res. Adj. 499; Pearce v. Olney, 20 Conn. 544; Weirich v. De Leya, 7 Ill. 385; Hemlen v. Centerville, 4 Pac. 417; Anderson v. Scotland, 17 Fed. 667. A decree by default may be opened to let in a defense on the merits of which a party has been deprived by the negligence of his counsel without his own fault. Tripp v. Vincent, 8 Paige, ch. 180; Millspaugh v. McBride, 34 Am. Dec. 360; Wicke v. Lake, 21 Wis. 410; Dodge v. Ridenour, 62 Cal. 263; Donnelly v. McAdams, 13 Atl. 108; Jencen v. Barbour, 31 Pac. 592; Pearson v. Drobey, 34 Pac. 76; Craig v. San Bernardino, 35 Pac. 558. The statute of limitations is a good and meritorious plea and is sufficient for opening the judgment. The court cannot refuse to set aside the judgment unless the defendant will waive this defense. Black on Judg. 426; Ellinger App. 7 Atl. 180; Mitchell v. Campbell, 13 Pac. 190; Gourley v. Hutton, 10 Wend, 595; Bailey v. Taafs, 29 Cal. 422; Evans v. Falls River Co., 4 S. D. 119; 55 N. W. 862; Watson v. Railroad, 41 Cal. 17.

*Joe Kirby*, for respondent.

The jurisdiction of the appellate court must affirmatively appear from the abstract. Irrigation v. Schoul, 50 N. W. 356; Noyes v. Lane, 1 S. D. 125; 48 N. W. 322. An order is not appealable until duly entered by the clerk of courts. Comp. Laws § 5236; Whittaker v. DeFosse, 7 Bosw. 678; Smith v. Dodd, 3 E. D. Smith 215; Gallt v. Finch, 24 How. Pr. 193; Marshall v. Francesco, 10 Id. 147; Plato v. Kelly, 16 Abb. 188; Hasting v. Hastings, 31 Cal. 198. The negligence of the attorney is the negligence of the client and in case of willful neglect the pro-

ceeding will not be set aside. Black on Judg. 341; Freeman on Judg. 112; Jones v. Leech, 46 Ia. 186; Field v. Mattson, 8 Mo. 686; Gehrke v. Jod, 58 Mo. 522; Burke v. Stakely, 65 N. C. 569; Powell v. Washington, 15 Atl. 803; Fauster v. Jones, 1 McCord, 116; Babcock v. Brown, 25 Vt. 550; Spaulding v. Thompson, 12 Ind. 477; Gress v. Evans, 1 Dak. 379; Farrant v. Lively, 25 Tex. 399; Welch v. Clellan, 3 Pac. 314; Kreite v. Kreite, 93 Ind. 583; Merritt v. Putnam, 7 Minn. 493; Smith v. Turnstead, 56 Cal. 175; Harper v. Mallory, 4 Nev. 447; Braumburgh, v. Stockman, 83 Ind. 583. The statute of Limitations is regarded generally by courts as an unconscionable defense and would in no case justify the court in opening a judgment. Pennington v. Gibson, 6 Ark. 447; Howes v. Hoyt, 11 How. Pr. 454; Hames v. Luth. 4 W. L. J.; Douglass v. Douglass, 3 Edw. Chan. 390; Sheets v. Baldwin, 12 Ohio, 120; Newton v. Raw. 18 Ohio, 240.

KELLAM, J. This is an appeal from an order of the county court of Minnehaha county refusing to vacate a judgment against appellant, and allow him to defend.

Respondent contends, before reaching the merits, that the action of the trial court was right, for the reason that Messrs. W. and S. & W. were the attorneys of defendant of record, and that the attorneys who presented the motion below, and who take this appeal, were not the attorneys of record of defendant and appellant, and hence that the court could not properly recognize them until duly substituted. We think the place to have made that suggestion was in the court below. The record before us shows that that court as well as respondent's attorney, did recognize them as properly appearing for the defendant, and, without objection or challenge, duly "considered all the matters presented" by them in support of their motion, and decided the same upon its merits. Upon such a record the question of authority is not before us. To consider and review it here on the ground that the lower court might, but did not,

protect itself from the application of unauthorized attorneys, would be, on our part, a gratuitous and uncalled-for act of paternalism towards that court. But beyond this, if the present attorneys could only have properly appeared after an order of substitution had been made, and they did appear without objection, it is not an unfair presumption, in the absence of evidence to the contrary, that an order was made. The trial court recognized the new attorneys as properly appearing for defendant. If such recognition was erroneous, the facts which made it so should be presented. Error will not be presumed. Moreover, this was an application after judgment, and in such new proceeding it is said in Weeks, Attys. at Law, § 250, that no change or substitution of attorneys is necessary.

Respondent makes the further objection in his brief that the abstract does not show that the order appealed from was ever entered by the clerk, and that until that is done the order cannot be brought to this court on appeal. The abstract is certainly defective, in that none of the alleged proceedings before the trial court are properly authenticated, but we do not think fatally so. The order was made in open court, and by the court. The object of entering by the clerk is to make it of record. The abstract sets out the order as a part of the record. To be so it must have been entered by the clerk. That it was so entered is not denied by respondent. The abstract will be construed as claiming that the order was so entered as to make it of record, and, not being disputed by respondent, must stand as true. The case is ruled by Mercantile Co. v. Faris (S. D.) 58 N. W. 813.

The affidavit upon which the application was made shows that the action was upon a promissory note; that immediately after the commencement of the suit, in Minnehaha county, defendant and appellant, who was a resident of Kingsbury county, employed W., a practicing attorney in Kingsbury county, and whom appellant, as he swears, believed to be faithful and skillful, to answer and defend; that an application was

made to change the place of trial from Minnehaha to Kings-
bury county, which was denied; that then appellant employed
other counsel, to-wit, S. & W., of Sioux Falls, to assist his
former attorney, W., in preparing and conducting his de-
fense to said action; that they prepared an answer, and serv-
ed the same upon plaintiff's (now respondent's) attorney; that
the cause being at issue and noticed for trial at the January,
1893, term of said court, appellant went to Sioux Falls, and
attended said court, for the purpose of being present at said
trial; that during the term his said attorney, W., informed him
that the action against him had been dismissed, and that the
plaintiff would test the question involved by taking another
case, involving the same question, to the supreme court; that
appellant fully believed and relied upon the statement of his said
attorney, and returned to his home; that he fully believed that
said action was dismissed and no longer pending, and had no
cause to suspect otherwise until some months later, to-wit, in
July following, in reading in a newspaper the proceedings by
said court, he noticed that a judgment had been rendered
against him; that he immediately wrote S. & W. for explana-
tion, and their reply, set out in appellant's affidavit, shows
that in proper time, before the July term, they, not having the
address of appellant, wrote to his senior attorney, W., who
more immediately represented the appellant, and whom S. &
W. were employed to assist, that the case would stand for trial
in July, so that he and appellant might be present and prepar-
ed therefor; and that neither the said W., nor any one else,
ever notified appellant of the fact or the condition of the case,
but that he honestly understood and believed that the same
was discontinued, as informed by said W. Appellant then em-
ployed other attorneys, and upon the foregoing facts, without
delay, applied to said Minnehaha county court to vacate the
judgment, and allow him to present the defense set up in his
answer. There were no counter affidavits, either denying or
explaning or avoiding the facts as above stated; and, upon the

showing made, we think appellant was entitled to the relief
asked.    While no wrong is shown or suggested upon the part
of the appellant or his attorney, still, to allow this judgment
to stand, in foreclosure of appellant's rights, would be a wrong
to him, for which he is certainly not responsible morally, nor,
we think legally.    The constant purpose of the courts must
be to dispense justice between litigants, and to this end
no one should be deprived, except by facts for which he ought
to be held responsible, of an opportunity to present his griev-
ance or defense for the examination and judgment of the court.
We think, in a case like this, where it is perfectly apparent
that a party has been innocently misled into a mistake, fatal if
not remediable, the administration of justice will not be seri-
ously hindered or embarrassed by opening the judgment, and
giving him an opportunity of being heard on the merits before
the court.    Undoubtedly, cases may be found justifying the de-
cision of the trial court in refusing this application, but we
think such cases go to the unreasonable length of subordinat-
ing the very ultimate object of judicial inquiry, to-wit, the
administration of justice, to one of its subsidiary rules
of procedure, to-wit: that the client employs the attor-
ney as his agent, and must be held responsible for his
conduct.    In this case, assuming appellant's affidavit to
be true,—and it is not denied,—he has done everything
that a careful and vigilant man would ordinarily do, to
get his defense before the court.    Going to court for that very
purpose, his attorney informs him that the case has been dis-
continued.    He says he believed the information was true, and
acted upon it.    To hold, or even suggest, that he should have
gone further, and sought the clerk or the judge, to justify the
statement of his attorney, would be a reflection upon the in-
tegrity and intelligence of the profession, which we should
expect would be resented.    It is probable that the misinfor-
mation so received by defendant from his attorney might be
explained or accounted for on the basis of a misunderstanding

himself; but no such attempt is made; and, whether relieved by such explanation or not, the effect upon the defendant was the same.

For cases in which the courts have acted upon, or expressly approved, the views here expressed, and opened up judgments on the ground of negligence, wrong, or default of a party's own attorney, see Millspaugh v. McBride, 7 Paige, 509; Sharp v. New York, 31 Barb. 578; Hanson v. Michelson, 19 Wis. 525; Ordway v. Suchard, 31 Iowa, 481; Griel v. Vernon, 65, N. C. 76; Allen v. Hoffman, 12 Ill. App. 573; Baxter v. Chute, 50 Minn. 164, 52 N. W. 379; Whereatt v. Ellis, 70 Wis. 207, 35 N. W. 314. In Black. Judgm. § 341, it is said, "And, even in the states which generally adhere to the strict rule [that the fault of the attorney is the fault of the client], there is a disposition to relax it somewhat under exceptional circumstances." The case in hand presents stronger claims upon the favorable discretion of the court than any of the foregoing, for if not relieved, the defendant must suffer, not from the inattention or passive neglect of his attorney, but from affirmative misinformation, upon which any prudent and ordinarily diligent client would doubtless have relied. Our statute (section 4939, Comp. Laws) expressly authorizes the vacation of a judgment taken against a defendant through his mistake, inadvertence, surprise, or excusable neglect. In Griel v. Vernon, *supra*, the court said: "In this case the party retained an attorney to enter a plea for him. That an attorney should fail to perform an engagement to do such an act as that, we think, may fairly be considered a surprise on the client, and that the omission of the client to examine the records in order to ascertain that it had been done was an excusable neglect." This language was expressly approved in the subsequent cases of Bradford v. Coit, 77 N. C. 72; Wynne v. Prarie, 86 N. C. 75; Taylor v. Pope, (N. C.) 11 S. E. 259. If a client may fairly claim surprise at the neglect of his counsel, he certainly may

at positive misinformation received from him.   The views of this court upon the general subject of vacating default judgments in favor of apparently meritorious defenses under this statutory provision were quite fully stated in Oil Co. v. Lee (S. D.) 47 N. W.  955.

The answer of defendant is printed in the abstract.   Besides pleading the statute of limitations, it sets up fraud in the procurement of the note sued upon, and seems, upon its face, to state a defense.   We are not disposed to examine it very critically, for, upon the facts disclosed, we think that substantial justice requires that defendant have an opportunity to be heard in court, and present his defense to the note.   If he has a good defense, he is entitled to have the court so decide. If not, no serious harm can result to the plaintiff.   The order of the county court is reversed, and the cause remanded, with directions to vacate the judgment and hold the case for trial, with or without terms upon defendant, as it shall deem just.