McDONALD, Respondent, v. EGAN, Appellant.

(178 N. W. 296.)

(File No. 4677.   Opinion filed June 22, 1920.)

1.   Judgments—Relief From Default, Reasonable Excuse for Neglect, Presenting Facts Raising Inference of More Favorable Judgment, Necessity of Showing—Other Business Preventing Presence, Remedy in Seeking Postponement.

To relieve a party from default judgment, he must show reasonable excuse for neglect to be present when case was called, and present facts by answer or affidavit, raising fair inference that upon trial he would be entitled to judgment more favorable to himself than the one entered.  And where defendant knew that case was on calendar for trial, and that it was "on call" and would be moved for trial as soon as reached, and that on the following morning it would be called "first thing," his only excuse for not being present being that he was for some time past and upon day of trial "extremely busy with other important business," such excuse was unavailing; if his business affairs were of such character that he could not be present except at great sacrifice to himself, he should have applied for postponement of trial.

2.   Appeals—Error—Relief from Default Judgment, "Taxes Not Claimed in Complaint," Non-presumption of Court's Action in Absence of Pleadings—Remedy, Correcting Judgment on Motion.

Where appellant did not bring up pleadings in the case, in seeking relief from a default judgment on ground of a good defense to that part of the claim against him for "taxes not claimed in the complaint," held, it will not be presumed that trial court awarded judgment for items not claimed in complaint; and if it did, judgment could have been corrected on motion, without setting aside judgment.

Appeal from Circuit Court, Minnehaha County. Hon. Louis L. Fleeger, Judge.

Action by Charles S. McDonald, against George W. Egan. From an order denying defendant's application to set aside default judgment, he appeals.  Affirmed.

*Geo. W. Egan,* Pro se.

*Bailey & Voorhees,* for Respondent.

POLLEY, J.  This is an appeal from an order denying appellant's application to set aside a judgment entered against him during his absence from court.  The case was regularly on the

calendar for trial. When it was reached for trial respondent presented his side of the case and judgment was entered. Immediately upon learning that judgment had been entered, appellant presented his application to set aside the judgment and be allowed to put in his defense.

The judgment was entered on Wednesday, the 19th day of November. It was shown that appellant not only knew that the case was on the calendar for trial, but he knew as early as Friday, the 14th of November, that the case was "on call" and would be moved for trial as soon as reached. He was also informed on the evening of the 18th of November that this case would be called "first thing" on the following morning. The only excuse offered by appellant for not being present when the case was called was, as stated in his affidavit:

"That the defendant has for some time past and upon that day [November 19th] was extremely busy with other important business."

[1] To entitle a party to relief from a judgment taken against him during his absence, he must show a reasonable excuse for neglecting to be present when the case was called, and to present facts, either by answer or by affidavit, from which it may fairly be inferred that upon a trial he would be entitled to a judgment more favorable to himself than the judgment from which he is seeking relief. In this case appellant has complied with neither of these conditions. He was kept posted as closely as it was possible as to when the case would be called for trial. The fact that he had other important business on hand is not an excuse that, so far as we are advised, has ever been recognized as a sufficient reason for setting aside a judgment entered in the absence of the defendant. If appellant's business affairs were of such a character that he could not be present except at great sacrifice to himself, he should have applied to the court in advance for a postponement of the trial. Trial courts have the power, where good cause is shown to grant postponements under such circumstances.

[2] Appellant has not sent up the pleadings in the case, and we cannot say whether his answer states a meritorious defense to any part of respondents claim. He states in his affidavit that he has a good defense to at least a part of the claim against

him, to wit, "the taxes not claimed in the complaint." We cannot presume that the trial court awarded judgment for items not claimed in the complaint, and if it did the judgment could have been corrected on motion. It was not necessary to set aside the judgment for that purpose.

The rule as announced by this court applicable to the opening of defaults and allowing a defendant to defend will be found in the following cases: Kinkead v. Moriarity, 29 S. D. 202, 136 N. W. 101; Kjetland v. Pederson, 20 S. D. 58, 104 N. W. 677; Hurle v. Hurle, 176 N. W. 510.

The order appealed from is affirmed.