CONLEY et al, Respondents, v. LUNZMAN et al, Appellants.

CONLEY et al, Respondents, v. MILLER et al, Appellants.

CONLEY et al, Respondents, v. WAHL et al, Appellants.

### 197 N. W. 294.)

(File Nos. 5491, 5492, 5494. Opinion filed February 25, 1924.)

**Judgment—Default Judgment—Action—Refusal to Vacate Judgment Held Erroneous.**

Where an attorney, representing several defendants in separate actions on promissory notes, given under circumstances the same in each case, after the direction of a verdict for plaintiffs in the first action heard, withdrew the answers of defendants in each of the other actions and left the courtroom, with the result that default judgments were entered in each case, held, where such defendants had defenses which they were entitled to have submitted to a jury (the direction of a verdict in the first case having been erroneous), and where they proceeded with diligence, they were entitled to have the judgments against them vacated.

Appeals from Circuit Court, Brown County; Hon. Robert D. Gardner, Judge.

Three actions by Oren Conley and others against William Lunzmann, impleaded with George B. Daly, A. F. Miller, impleaded with George B. Daly, and Carl H. Wahl, impleaded with George B. Daly. From orders denying motion to vacate judgments against them, defendants appeal. Orders vacated and causes remanded with directions.

*E. B. Harkin* and *Thos. L. Arnold*, both of Aberdeen, for Appellants.

*Corrigan & Walton,* of Aberdeen, for Respondents.

Appellant cited: Pearson v. Drobaz Fishing Co., 99 Cal. 425, 34 Pac. 176; Buchnell v. Archer, 135 N. W. 675; Griswold Linseed Co. v. Lee, 47 N. W. 955; Rosebud Lumber Co. v. Serr, 177 N. W. 1042; Fish v. Hicks, 137 N. W. 424; Adams v. Rathbun, 96 N. W. 629.

GATES, J. These are companion cases to No. 5493, Conley v. Seligman, 47 S. D. 230, 197 N. W. 293; in which the opinion is this day handed down. The issues raised by the pleadings were the same in each case, and the same as in the Seligman case. Each action is brought to recover on a $500 promissory note, given respectively by the first-named defendant. These cases and three others in which these plaintiffs were plaintiffs were on the court calendar for trial following the Seligman case. Immediately upon the direction of the verdict in the Seligman case the attorney for each first-named defendant, who was also attorney for defendant Seligman (not one of the present attorneys for appellants) withdrew the answer in each of these three cases and left the courtroom. Thereupon judgment was entered in each of these three cases for plaintiffs. These appeals are from orders denying motions to vacate such judgments. The points made are the same in each case.

It appears without dispute that appellants were present in court with their witnesses ready for trial, and had been during the Seligman trial; that appellants did not know of, or consent to

the withdrawal of their answers; that they did not understand what had been done by their attorney; that they did not know until a few days later that judgments had been entered against them; and that they thereupon proceeded with diligence to apply for the vacation of the judgments. The reason for the withdrawal of the answers is unexplained. We can only account for it upon the theory that counsel had become exasperated by the rulings of the trial court in the Seligman case and that he acted hastily and while in such perturbed state. If, as pointed out in the opinion in the Seligman case, these promissory notes were given upon the promise that they would not be used unless a sufficient number was obtained to equal the amount of the indebtedness of the Columbia Equity Exchange, these appellants ought to be given the opportunity of proving the fact. We do not think that under the circumstances these appellants should be charged with negligence. In Searles v. Christensen, 5 S. D. 650, 60 N. W. 29, this court said:

"The constant purpose of the courts must be to dispense justice between litigants, and to this end no one should be deprived, except by facts for which he ought to be held responsible, of an opportunity to present his grievance or defense for the examination and judgment of the court."

We think these cases call for the application of that rule.

The orders appealed from will be vacated, and the causes remanded to the trial court, with directions to set aside the judgments and permit the refiling of the answers. No costs will be taxed in this court.

Note.—Reported in 197 N. W. 294. See, Headnote, American Key-Numbered Digest, Judgment, Key-No. 143(10), 23 Cyc. 942.