INGALLS, Respondents, v. ARBEITER, Appellant
(36 N. W.2d 669.)

(File No. 9017. Opinion filed April 5, 1949)
Rehearing Denied June 17, 1949.

**Temmey & Luby,** of Huron, for Defendant and Appellant.

**Max Royhl,** of Huron, for Plaintiff and Respondent.

ROBERTS, J.    Defendant, having moved to vacate the judgment entered against him, appeals from the order denying the motion.

In his complaint served July 22, 1947, plaintiff alleged that defendant sold to him 1350 gallons of a mixture known and described under the trade name of "Cromax-5 Anti-Freeze"; that defendant warranted that this product like

Prestone contained an ethelyn glyco base and was suitable for use as an anti-freeze and in no manner injurious to the cooling system of a motor vehicle; that in fact the compound was unfit for use in motor vehicles, was not the same as Prestone and did not have an ethelyn glyco base; and demanded that plaintiff be reimbursed for the amount paid to the defendant for the compound and amounts expended by plaintiff for repairs of motor vehicles damaged by its use. The defendant answered August 4, 1947, interposing a general denial. Plaintiff noticed the case for trial at the January, 1948, term of the circuit court in Beadle county. Counsel for defendant resided in Hutchinson county. He sought by telephone to arrange with Mr. Royhl, attorney for the plaintiff, to have the case continued over the term. The latter stated that he would agree to try the case to the court, without a jury, upon ten days' notice. It is conceded that counsel reached no agreement. There was on January 19, 1948, a trial of the case in the absence of defendant and his counsel and judgment was entered awarding to the plaintiff damages in the sum of $3794.00 and costs.

On January 27, 1948, defendant filed a motion to set aside the judgment. This motion was heard on February 5, 1948, and was denied. Defendant then employed other counsel. Thereafter, on March 9, 1948, defendant sought leave to renew motion to set aside the judgment. Defendant was given leave to make such motion. The second motion was accomplished by verified showing in support of the claim that defendant himself was in no manner negligent and that under the circumstances of the instant case was not chargeable with the negligence of his former counsel. This motion was heard on May 18, 1948, and thereafter, on June 12, 1948, was denied. It is from this order that defendant appeals.

It is within the jurisdiction of a circuit court to relieve a party from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect. SDC 33.0108. It is the settled law that whether a motion to vacate a judgment under the section referred to shall or shall not be granted is a matter

which rests in the sound discretion of the trial court and that an order either granting or denying such a motion will not be disturbed on appeal unless it appears that the trial court abused its discretion. See Fisk v. Hicks, 29 S. D. 399, 137 N. W. 424, Ann. Cas. 1914D, 971, and cases cited. It is a judicial discretion to be exercised in accordance with legal and equitable principles and should be so exercised as to promote the ends of justice. This court is more inclined to reverse for failure to set aside a judgment taken by default as in the absence of a litigant and his counsel than where such judgment has been set aside and trial on the merits granted. Rosebud Lumber Company v. Serr, 22 S. D. 389, 117 N. W. 1042; Bucknell v. Archer, 29 S. D. 22, 135 N. W. 675.

It is the rule of this court as stated in Smith v. Wordeman, 59 S. D. 368, 240 N. W. 325, 326: "* * * that the negligence of an attorney is imputable to his client, and that the client cannot be relieved from a judgment taken against him because of the neglect of his attorney unless he shows that the neglect of the attorney was excusable, or, in the alternative, assumes the burden of clear affirmative proof that he himself (the client) was in no manner negligent." From the fact that the negligence of an attorney may be imputable to his client, it does not follow that this is the rule where the conduct of an attorney may in effect amount to a fraud upon his client. Olson v. Advance Rumely Thresher Company, 42 S. D. 332, 175 N. W. 192. In Searles v. Christensen, 5 S. D. 650, 60 N. W. 29, the defendant neglected to appear at time of trial and defend because he was misinformed by his attorney that the action against him had been discontinued. In Conley v. Lunzman, 47 S. D. 241, 197 N. W. 294, it was said that defendants should not be held responsible for the conduct of an attorney who representing them in separate actions involving the same issue, after the direction of an adverse verdict in the first action tried, withdrew the answers in the other actions and left the court room without explanation and with the result that default judgments were entered. Some authorities take the view that there is a distinction between the negligence of an

attorney while still acting for his client and the act of an attorney in withdrawing as attorney or abandoning a case without notice to his client. Grayson v. Stith, 181 Okl. 131, 72 P.2d 820, 114 A. L. R. 276. The effect may be the same; the withdrawal from or abandonment of a case by an attorney may operate as a fraud in law upon his client.

Thus we come to the question whether in the light of the foregoing authorities the facts show that the trial court abused its discretion in refusing to set aside the judgment. Defendant engaged counsel promptly to represent him in the action and insists in apparently good faith that he has a complete defense. Defendant answered within the time required by statute, denying generally the allegations contained in the complaint and at the time of making the second motion to set aside the judgment asked leave to file an amended answer which sets forth a meritorious defense. Defendant and his counsel knew that the case was set for trial on January 19, 1948, but defendant asserts that his counsel assured him that if a continuance could not be had he would notify defendant and would be prepared to try the case. Defendant states that when he returned to his home from North Dakota on Saturday evening, January 17, 1948, he talked to his counsel over the telephone and inquired concerning the status of his case and again telephoned him on the following day; that his counsel reiterated the "fact that if a continuance could not be had that he would be ready to try the case and get in touch" with defendant and that "the best thing for defendant to do was not to show up in Huron unless called." It is stated in a rebuttal affidavit of his former counsel in support of the first motion to set aside the judgment that "this affiant admits that the said Max Royhl called this affiant by telephone * * * either January 15 or January 16, 1948, but denies that any subject was discussed other than an inquiry by Mr. Royhl as to whether or not Joe Arbeiter was present for trial; that in answer to Mr. Royhl's inquiry, this affiant stated that he did not know whether or not the said Joe Arbeiter was present, but that he would make an investigation and call Mr. Royhl by telephone as soon as that fact was determined;

that the said Joe Arbeiter was in the state of North Dakota and this affiant. learned that the said Joe Arbeiter was to return on the night of Friday, January 16, 1948; that on Friday, this affiant called the residence of the said Joe Arbeiter and learned that he had not returned; that, in fact, the said Joe Arbeiter did not return to Yale, South Dakota, until 11:30 p.m. Saturday, January 17, 1948, but such fact was not determined until Monday morning, January .19, 1948." Defendant in an affidavit filed in support of the first motion stated that "for approximately one week immediately preceding the 19th day of January, 1948, this affiant was present in the State of North Dakota on business and unable to procure other counsel or to make arrangements to appear personally to defend said action at the opening day" of the term of court.

Appellant relies much on Searles v. Christensen, supra. In that case defendant neglected to appear for trial because of a misrepresentation of his attorney. Whether defendant in the instant case relied on the alleged representation of his former counsel was a question of fact. The trial court filed a memorandum opinion from which we quote: "The defendant alleges that he immediately called his attorney on his arrival home on Saturday evening of January 17th and again on Sunday, January 18th. However the affidavit of his attorney does not indicate reception of such phone calls and on the morning of January 19th the defendant's attorney advised plaintiff's attorney that 'he had not been able to find his client, the defendant.' " The proofs in support of the two applications were contradictory and the court was not required to accept as true the claim that defendant was in communication with his counsel immediately before trial and was misled by representations of the latter. The instant case does not call for the application of the rule in the Christensen case.

▉ The defendant himself not having sustained the burden of showing that he was free of blame could not be relieved from the judgment taken against him in consequence of the neglect of his former counsel.

The order appealed from is affirmed.

All the Judges' concur.