**N. L. OVERVAAG and Frances Overvaag, Plaintiffs and Appellants,**

v.

**The CITY OF DELL RAPIDS, SOUTH DAKOTA, a Municipal Corporation, and Lawrence Hansen, Defendants and Appellees.**

**No. 13553.**

Supreme Court of South Dakota.

Considered on Briefs March 25, 1982.

Decided May 12, 1982.

Dennis C. McFarland of McFarland & Peterson, Sioux Falls, for plaintiffs and appellants.

Michael F. Pieplow of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for defendants and appellees.

FOSHEIM, Justice.

This appeal is from an order denying appellant's motion to set aside a judgment of dismissal. We affirm.

Appellants sued the City of Dell Rapids and its then mayor, Lawrence Hansen. The lawsuit embodied two causes of action. The first cause of action sought judgment against the City for $7,560 damages and an order prohibiting the City from further trespassing across plaintiffs' property in connection with its well drilling operations. The second cause of action claimed actual and punitive damages for an alleged slander by Mayor Hansen. Frances Overvaag was not involved in the second cause of action. Defendants filed a joint answer in the nature of a denial and counterclaimed for $2,500 damages for loss of a pump house and water pump installed on plaintiffs' property.

Interrogatories were submitted to, and answered by, Mr. Overvaag. His deposition was also taken. Mr. Overvaag was then advised by one of his lawyers that as a result of his testimony he had no lawsuit. After extended discussions with his lawyers, Mr. Overvaag agreed to compromise his claim if it could be arranged. Negotiations for settlement were conducted by the lawyers for the parties which culminated in an agreement between counsel to settle the case in consideration of payment by, or on behalf of, the defendants of $5,000 and the issuance of an apology letter to Mr. Overvaag by Defendant Hansen. The apology letter, in form satisfactory to Mr. Over-

vaag, was issued and published and $5,000 was in due course delivered to Mr. Overvaag. The City also submitted to appellants' lawyers a release form. Mr. Overvaag refused to sign this form because he believed it might release other claims against the City he may have or would have in the future. As a result of such refusal to sign, a different release, entitled "Stipulation for Dismissal," was prepared by appellants' counsel. Mr. Overvaag signed this form on behalf of himself and his wife.

Mr. Overvaag and his counsel presented themselves at the chambers of the circuit court on June 10, 1980, for the purpose of obtaining a judgment and dismissal of appellants' suit. Following an extended colloquy, the court expunged its signature on the Judgment of Dismissal when it learned Mr. Overvaag was ambivalent about having the action dismissed. Directly following the meeting in chambers an extended conversation between Mr. Overvaag and his counsel ensued. Counsel reiterated his belief that the proffered settlement was the best appellants could expect and that they should accept it rather than risk the probability of an adverse jury verdict. Mr. Overvaag acquiesced and endorsed his name on a "Stipulation and Judgment of Dismissal" his counsel had at hand. Based on this stipulation, on July 7, 1980, the trial court entered a judgment dismissing appellants' complaint with prejudice.

On January 30, 1981, a motion was filed on behalf of appellants to relieve them from the judgment dismissing the complaint. That motion is based on SDCL 15–6–60(b)(1) and SDCL 15–6–60(b)(6). Mr. Overvaag claimed he was confused and did not understand the effect of the dismissal and that he never knowingly authorized the action taken. A full evidentiary hearing was had on appellants' motion, at which testimony was taken from Mr. Overvaag, his two lawyers at the time of dismissal, and Defendant Hansen. The trial court determined that no mistake, inadvertence, surprise, or excusable neglect had been shown justifying relief from the judgment under SDCL 15–6–60(b)(1), nor was evidence

presented justifying relief under SDCL 15–6–60(b)(6).

The single issue before us is whether appellants were entitled to relief from the judgment of dismissal. A motion for relief based on SDCL 15–6–60(b) is addressed to the sound discretion of the trial court. Absent an abuse of that discretion, the order denying such a motion cannot be disturbed on appeal. *Kuehn v. First Nat'l Bank of Sioux Falls*, 90 S.D. 96, 238 N.W.2d 490 (1976); *Ackerman v. Burgard*, 79 S.D. 119, 109 N.W.2d 10 (1961); *Jones v. Johnson*, 54 S.D. 149, 222 N.W. 688 (1928). Our review of the record, including Mr. Overvaag's testimony, leads us to the conclusion that the trial court's refusal to set aside the judgment was not an abuse of discretion.

The judgment of the trial court is affirmed.

All the Justices concur.