MIDCONTINENT BROADCASTING
COMPANY, Plaintiff and Appellee,

v.

AVA CORPORATION, Mall Louise Enter-
prises, Ltd., PCW, Inc., Clarence Quig-
ley, Emil Walsh, Aaron B. Morse, Arlie
J. Brende, Vincent Boldin, Defendants,

and

Harold Schwartz (# 13813),
Defendant and Appellant,

and

Edward D. Clapp and Floyd F. Peterson
(# 13688 & # 13851), Defendants
and Appellants.

Nos. 13688, 13813 and 13851.

Supreme Court of South Dakota.

Argued Nov. 16, 1982.

Decided Jan. 26, 1983.

Michael F. Pieplow of Davenport, Evans,
Hurwitz & Smith, Sioux Falls, for plaintiff
and appellee; Danny R. Smeins of Daven-
port, Evans, Hurwitz & Smith, Sioux Falls,
on brief.

Gale Fisher, Sioux Falls, for defendant
and appellant Schwartz.

William C. Mortensen, Minneapolis,
Minn., for defendants and appellants Clapp
and Peterson; William M. Dickel, Minneap-
olis, Minn., and Max A. Gors of Maher &
Gors, Pierre, on brief.

HENDERSON, Justice.

### PROCEDURAL HISTORY

Appellee Midcontinent Broadcasting
Company brought an action against appel-
lants on a promissory note and guaranties.
An answer was interposed. Notice of trial
was provided to appellants' counsel. New
Town Mall Joint Venture, the principal
promissor, filed a petition of bankruptcy in

Federal Bankruptcy Court. The Bankruptcy Court dismissed the principal promissor and remanded this action against the guarantors to the state court. A court trial followed. Appellants made no appearance. Attorney Brende appeared, counsel of record for appellants, expressing that he was an agent of the court. Judgment in favor of appellee was entered for the amount of $200,000.00 in principal, $51,772.62 in interest, $25,177.26 in attorney's fees, $110.85 in costs, and post-judgment interest of 12% per annum as no defense was interposed.

Appellants Clapp and Peterson have appealed to this Court from the judgment. Additionally, appellants later moved to vacate the judgment pursuant to SDCL 15–6–60(b), the result being a denial of the motion. Appellants Clapp, Peterson, and Schwartz appealed from the trial court's order. This Court has consolidated all of the above-referenced appeals. We affirm in part and reverse and remand in part.

## FACTS

Appellee Midcontinent Broadcasting Company loaned $200,000.00 to New Town Mall Joint Venture (New Town) for the construction of the New Town Mall in Sioux Falls, South Dakota. New Town is composed of three separate corporations. Appellants own stock in some of these corporations. New Town executed a promissory note in favor of appellee which included "reasonable attorneys' fees" should collection become necessary. Appellants, in an individual capacity, signed a guaranty of the note which included "a reasonable attorney's fee, which shall be no less than ten per cent [sic] of the sum owing to Midcontinent" should collection be necessary.

As payment was not made, the note and guaranties had to be renewed. Eventually, a default occurred. In the meantime, there were construction cost overruns on the new mall of $167,000.00. Midcontinent Theatre Company, a subsidiary of appellee, rented space at the New Town Mall. Rather than paying rent to New Town, the subsidiary paid approximately $177,000.00 directly to the contractor to cover the overruns.

Appellee brought an action on the promissory note and guaranties. Service of process was executed on appellants. Arlie J. Brende, a co-defendant below, was secured as counsel for appellants. Appellee made a request for admissions and served interrogatories on Attorney Brende. No response was served or filed. Appellee filed a certificate of readiness for trial which Attorney Brende opposed to no avail. Thereafter, notice of trial was sent to Attorney Brende as appellants' counsel of record.

With New Town dismissed from this action, appellee proceeded against appellants as guarantors. Attorney Brende, at the trial, made this statement: "I will state for the record that I have urged the other principals to, if they wish to protect their interests, prosecute any claims of offsets or whatever nature that they see fit." Yet, appellants contend they were first notified that a trial had taken place when they received a notice of the judgment that was entered in appellee's favor.

Findings of fact and conclusions of law were entered which stated in part that appellants filed an answer and had received notice of the trial. Appellants engaged new counsel for this appeal. Although the facts and procedural history are complex, there are two controlling issues which are treated below.

## ISSUES

### I.

WAS THE FAILURE OF APPELLANTS' COUNSEL TO NOTIFY HIS CLIENTS OF TRIAL OR TO CONTEST THE ISSUES AT TRIAL SUFFICIENT CAUSE TO VACATE THE TRIAL COURT'S JUDGMENT? UNDER THE FACTS HEREIN, WE HOLD THAT IT WAS NOT.

### II.

MUST THAT PORTION OF THE TRIAL COURT'S JUDGMENT AWARDING ATTORNEY'S FEES BE SET ASIDE

AS VOID AND AGAINST PUBLIC POLICY? GIVEN THE LANGUAGE OF SDCL 15–17–10, WE DECIDE THAT IT MUST BE.

### DECISION

### I.

■ Appellants urge this Court to vacate the trial court's judgment because of Attorney Brende's failure to notify them and represent their interests at trial. We decline to do so.

SDCL 15–6–60(b) in relevant part provides:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect;

\* \* \* \* \* \*

(6) Any other reason justifying relief from the operation of the judgment.

"Excusable neglect" is a concept without a fixed meaning and is generally construed liberally. *City of Lemmon v. U.S. Fidelity & Guaranty*, 293 N.W.2d 433, 437 (S.D. 1980).

Appellants contend excusable neglect exists based upon Attorney Brende's failure to represent them and keep them informed of the proceedings. *Ackerman v. Burgard*, 79 S.D. 119, 109 N.W.2d 10 (1961), is cited for the proposition that Attorney Brende's negligence or mistake is not imputed to appellants provided they were not also negligent. *National Surety Corporation v. Shoemaker*, 86 S.D. 302, 310, 195 N.W.2d 134, 138 (1972), holds: "As a general rule a default judgment will not be set aside unless the defendant makes a showing of a meritorious defense." In this regard, appellants claim they have a set-off right for the $177,000.00 that appellee's subsidiary paid in lieu of rent to the mall contractor.

Unless abused, a decision upon a motion to vacate a judgment rests in the sound discretion of the trial court and will not be disturbed on appeal. *Overvaag v. City of Dell Rapids, S.D.*, 319 N.W.2d 171 (S.D. 1982). Although appellants stated in their affidavits of merit that they relied on Attorney Brende and were not apprised of the trial date or discovery measures, appellants have failed to present any evidence or showing as to what action they took to contact Attorney Brende. As we held in *Ackerman, infra:*

This court has reviewed numerous comparable applications for relief from default judgments entered by reason of the act or omission of the defendant's attorneys. The rule is now well established in those cases that the mistake or negligence of an attorney will not be imputed to the client as a bar to relief where (1) the act or omission of the attorney is excusable or (2) the defendant himself is free from neglect in the matter.

*Ackerman*, 79 S.D. at 124, 109 N.W.2d at 12.

■ We agree that Attorney Brende was negligent, yet we have not been provided with any evidence upon which we could establish that his negligence was *excusable*. Thus, appellants fall within the second part of the test and must show they were free from neglect. Appellants have failed to provide us with any evidence to establish that they inquired into the status of their affairs with Attorney Brende. It is not only implausible, but unreasonable that individuals with a potential exposure to over $200,000.00 in liability would not contact their counsel and coinvester for seven months. Since appellants have failed to provide this Court with any evidence to the contrary, we must conclude that they have fallen short of the reasonably prudent person standard. *National Surety, infra.* Appellants and appellee both agree to this standard in their briefs. Clients must take some responsibility for inquiring into their affairs and cannot blindly rely upon legal counsel. *Smith v. Wordeman*, 59 S.D. 368, 240 N.W. 325 (1932).

■ As for appellants' claimed meritorious defense, Midcontinent Theater Company, the subsidiary, was the lessee at New Town Mall. This action is between the

parent corporation and the guarantors. The subsidiary is not a party hereto. The mere identification of a subsidiary without more information is insufficient to reach the conclusion that the subsidiary is the alter ego of the parent. *Yarborough & Co. v. Schoolfield Furniture Industries, Inc.,* 275 S.C. 151, 268 S.E.2d 42 (1980). Upon the present state of the record, appellants have no cause of action against appellee for the subsidiary's improper payments.

We have examined appellant's request for relief pursuant to *Dunham v. First National Bank in Sioux Falls,* 86 S.D. 727, 201 N.W.2d 227 (1972). We cannot reverse this trial court upon a theory of abuse of discretion considering the state of this record. Appellants were served with the lawsuit; they answered; they engaged counsel; they were represented by counsel at the certificate of readiness hearing; notice of trial was served upon their counsel of record and they failed to show up for trial. Additionally, it appears that Attorney Brende apparently informed them that they should "protect their interests." During the pendency of this suit, appellants did not reasonably protect their legal affairs.

## II.

Appellants contend that the portion of the trial court's judgment awarding attorney's fees is void pursuant to SDCL 15–17–10 which provides:

> Any provision contained in any note, bond, mortgage, or other evidence of debt for the payment of any attorney fee in case of default in payment or of proceedings had to collect such note, bond, or evidence of debt or to foreclose such mortgage is hereby declared to be against public policy and void.

To the above-quoted statute, appellants advocate a grafting of SDCL 56–1–18 which provides:

> The obligation of a guarantor must be neither larger in amount nor in other respects more burdensome than that of the principal, and if in its terms it exceeds it, it is reducible in proportion to the principal obligation.

The promissory note states that the principal agreed to "pay all costs of collection, including reasonable attorneys' fees and the maximum interest or late charges permitted by law." The terms of the Guaranty provide:

> Guarantors agree to pay to Midcontinent a reasonable attorney's fee, which shall be no less than ten per cent [sic] of the sum owing to Midcontinent hereunder, and all costs and expenses of collection whenever Midcontinent employs an attorney to enforce any obligation of Guarantors under this guaranty, whether by suit or other means.

Additionally, *Richter v. Industrial Finance Company, Inc.,* 88 S.D. 466, 474, 221 N.W.2d 31, 36 (1974), holds that a guaranty is "conditioned upon the underlying obligation between the creditor and the principal debtor."

Although SDCL 15–17–10 does not expressly state the word "guaranty," it does state "or other evidence of debt," which, when construed together with *Richter* and SDCL 56–1–18, provides statutory coverage. Appellee's reading of *Richter* is unduly narrow. *Richter* holds: "The rule is that a guarantor is liable only in the event and to the extent that his principal is liable." 88 S.D. at 474, 221 N.W.2d at 36. Clearly, under SDCL 15–17–10 the principal could not be liable for attorney's fees. Therefore, appellants could not be liable for attorney's fees since their guaranty agreement is linked to the note. We reverse the award of attorney's fees herein and remand this issue with directions to remove the attorney's fees from the judgment entered below.

We have examined the other issues raised below and conclude they are nonmeritorious.

Affirmed in part, reversed and remanded in part.

All the Justices concur.