Thomas EBY, Plaintiff and Appellee,

v.

Emil J. MISAR, Defendant
and Appellant.

No. 14210.

Supreme Court of South Dakota.

Considered on Briefs Jan. 16, 1984.

Decided March 7, 1984.

Douglas G. Fosheim of Benson, Wehde, Fosheim & Haberstick, Huron, for plaintiff and appellee.

Ronald K. Miller of Miller, Miller & Sebastian, Kimball, for defendant and appellant.

DOBBERPUHL, Circuit Judge.

On or about August 6, 1979, Emil J. Misar (appellant) and Thomas Eby (appellee) were involved in an a..tomobile accident just south of Huron, South Dakota. Appellee subsequently filed suit on October 12, 1979, in small claims court for Beadle County, South Dakota, claiming damages totaling $551.55 from the collision. On November 9, 1979, appellant served his an-

swer and counterclaim upon appellee and transferred the case to circuit court. Two days later, appellee took the pleadings and papers to the office of one Mel Schmidt, the Huron agent for American Family Insurance Company, who apparently advised appellee that the American Family Insurance Company would handle the defense of the action from that time forward. Thereafter, Mel Schmidt sent copies of the pleadings to the Sioux Falls office of American Family Insurance Company. Subsequently, the above-mentioned pleadings were apparently misfiled in the Sioux Falls office of American Family. The pleadings were eventually routed to the legal department of the American Family office in Eden Prairie, Minnesota, on August 7, 1980, which in this case was the appropriate company department. After arrival of the papers in Eden Prairie, they were not properly processed because file personnel were unable to locate the claim file and therefore filed the pleadings with other unidentified mail. Pursuant to a company policy of American Family, a defense of a claim cannot be undertaken without the claim file, which contains information about the accident and the policy covering the insured at the time of the accident.

Meanwhile, on November 7, 1980, appellant served appellee with a notice of taking the deposition of one Dr. Nicholas. On November 11, 1980, appellant then served appellee with a notice of motion for default judgment. On December 4, 1980, in an effort to locate the missing claim file, American Family's regional counsel, Melvin Grell, sent the pleadings from the Eden Prairie office to American Family's Sioux Falls office along with a note explaining that he was unable to find the claim file. On December 9, 1980, the Sioux Falls office sent the pleadings and claim file back to the Eden Prairie office. The documents were received in the Eden Prairie office on December 11, 1980. The next day a default judgment was entered in Beadle County in favor of appellant in the amount of $27,604.70, plus costs of $41.40.

On December 30, 1980, appellant issued a writ of execution in an attempt to collect on the judgment. On February 24, 1981, appellee filed a motion to set aside the default judgment. On March 23, 1981, after a hearing, the trial court entered an order granting the motion and vacating said default.

After discovery, the matter was tried on the merits before a Beadle County jury, which returned a zero verdict for both parties. After judgment was entered pursuant to the verdict, appellant made a motion to take the deposition of insurance agent Mel Schmitt. The trial court denied the motion.

Appellant asserts two issues on appeal: (1) The trial court abused its discretion when it granted appellee's motion to set aside the default judgment, and (2) the trial court erred when it denied appellant's motion to take the insurance agent's deposition after the matter had been tried on the merits.

I.

The initial issue is whether the trial court abused its discretion when it granted appellee's motion to set aside the default judgment. We hold that there was no such abuse of discretion.

A trial court is empowered to set aside a default judgment upon a showing of "mistake, inadvertence, surprise or excusable neglect." *See* SDCL 15–6–60(b)(1). However, before this discretion may be exercised, the applicant for relief must show not only (1) the mistake, inadvertence, surprise or excusable neglect, but also (2) a probable meritorious defense on the part of the applicant. *Pettigrew v. City of Sioux Falls*, 5 S.D. 646, 60 N.W. 27 (1894).

This court has directly addressed the question whether an individual's reliance on his insurance company's assurances that it would protect his interests constitutes "excusable neglect." In *Ackerman v. Burgard*, 79 S.D. 119, 109 N.W.2d 10 (1961), the defendant was served with a summons for damages arising from injury while defendant was working for the plain-

tiff. Defendant delivered the summons to his insurance agent and was advised by his agent that the defendant's worker's compensation carrier would handle the matter for the defendant. Defendant contacted his agent and was assured that the matter was being taken care of by Western Surety Company, the defendant's worker's compensation carrier. Some time after the delivery of the summons, defendant read in a newspaper that the judgment had been taken against him. Defendant subsequently sought to have the default judgment vacated in circuit court. Contrary to the instant facts, this relief was denied by the circuit court. On appeal, this court noted that the neglect of the defendant was excusable because he acted prudently in tendering the defense of the action to his insurance company for defense of the matter and reaffirmed the general rule that:

> [W]hen a judgment has been rendered against a defendant who is in default because another person upon whom he has relied to attend to the defense for him has neglected to do so, the default judgment will be opened or set aside in the sound discretion of the court on the ground of excusable neglect.

*Ackerman, supra,* 79 S.D. at 124, 109 N.W.2d at 12, citing Annot., 16 A.L.R.2d 1139 (1951).

■ In this case, appellee acted promptly in tendering the counterclaim to his insurance agent for defense as did the defendant in *Ackerman.* Appellee was served with the counterclaim on November 9, 1979, and tender was promptly made to American Family's agent on November 11, 1979, whereupon appellee was assured by the agent that American Family would handle the claim from that time forward. Given this representation by the insurance company, it is difficult not to label appellee's actions as excusable neglect. The term excusable neglect has no fixed meaning and is to be interpreted liberally to insure that cases are heard and tried on the merits. *See Davis v. Interstate Motor Carriers Agency,* 85 S.D. 101, 178 N.W.2d 204 (1970). This case was properly tried on the merits and as this court wrote in *In-*

*galls v. Arbeiter,* 72 S.D. 488, 491, 36 N.W.2d 669, 671 (1949), "This court is more inclined to reverse for failure to set aside a judgment taken by default as in the absence of a litigant and his counsel than where such judgment has been set aside and trial on the merits granted."

The second hurdle that the applicant must overcome in order for the court to set aside a default judgment is a showing that (2) the applicant would have had a meritorious defense to the claim had the action been tried on the merits. *See generally Sohn v. Flavin,* 60 S.D. 305, 244 N.W. 349 (1932); *Pettigrew, supra; Griswold Linseed Oil Co. v. Lee,* 1 S.D. 531, 47 N.W. 955 (1891).

■ Appellee's amended reply ·to the counterclaim and answer sets forth two such defenses. The first of these alleges that the acts of appellant were the sole and proximate cause of all of the damage sustained in the accident. The second defense alleges that the actions of appellant constitute contributory negligence and that such contributory negligence was more than slight as a matter of law. Further, counsel for appellant was mailed a true and correct copy of the amended reply to counterclaim and answer on the 6th day of March, 1981, several weeks prior to the hearing to set aside the default judgment. This document was filed on March 30, 1981, pursuant to the order of the court entered on March 23, 1981. In *McDonald v. Egan,* 43 S.D. 147, 178 N.W. 296 (1920), this court held that a party seeking relief from a judgment taken against him during his absence must present facts either by answer or affidavit from which it could be inferred that upon a trial he would be entitled to a judgment more favorable to himself than the judgment from which he is seeking relief. Again, this showing is clea..ly made in the proposed amended reply to counterclaim and answer served upon appellant on March 6, 1981. The validity of the defenses set forth was eventually found to have merit by a Beadle County jury when it considered the merits of the case.

## II.

Appellant also contends that the trial court erred when it denied appellant's motion to depose the insurance agent after the trial. However, given our holding that there was no abuse of discretion in vacating the default, any need for a post-trial deposition disappears. This case has been properly tried on the merits, and therefore any deposition taken from the insurance agent now would be irrelevant.

Affirmed.

WOLLMAN, DUNN, MORGAN and HENDERSON, JJ., concur.

DOBBERPUHL, Circuit Judge, sitting for FOSHEIM, C.J., disqualified.