FIRST FEDERAL SAVINGS & LOAN
ASSOCIATION, Plaintiffs,

v.

Michael D. STRUB and Rosemarie
Strub, Defendants and Appellants,

County of Meade, A Political
Subdivision of the State of
South Dakota, Defendants,

and

Phil Pridham, Defendant and Appellee.

No. 16051.

Supreme Court of South Dakota.

Considered on Briefs May 26, 1988.

Decided Aug. 17, 1988.

Mark F. Marshall of Bangs, McCullen,
Butler, Foye & Simmons, Rapid City, for
defendants and appellants.

Thomas G. Fritz, Craig A. Pfeifle of
Lynn, Jackson, Shultz & Lebrun, P.C., Rapid City, for defendant and appellee.

WUEST, Chief Justice.

Appellants, Michael D. Strub and Rosemarie Strub (Strubs), appeal a trial court
order granting Phil Pridham (Pridham) relief from a default judgment. We reverse
and remand.

This appeal arises out of a real estate
foreclosure action brought by First Federal
Savings & Loan Association (First Federal)
against the Strubs. On March 14, 1980,
the Strubs executed and delivered to First
Federal a mortgage and a promissory note
in consideration for a loan, the proceeds of
which were used to purchase a home. The
Strubs' home was one of two model homes
built by Pridham in the Elk Creek Village
subdivision in Meade County, South Dakota. The model homes were part of Pridham's planned community development—a
project that would include other similar
homes, paved streets, a central water system, and a park and recreation area. Pridham later abandoned the project without
constructing additional homes or a recreation area and without paving the streets.

The value of the Strubs' home consequently declined and they defaulted on their mortgage payments to First Federal.

On February 15, 1985, First Federal filed a complaint against the Strubs, thereby initiating mortgage foreclosure proceedings. The Strubs answered the complaint and filed a cross-claim against Pridham alleging fraud and misrepresentation in the sale of their home. Pridham answered the cross-claim through his original attorney, Richard Wendt (Wendt). Thereafter, both Pridham and Wendt neglected to diligently respond to the Strubs' requests for discovery, obey the trial court's orders to comply with the discovery requests, and appear on the date set for the trial.

The settled record indicates that the Strubs served on Pridham interrogatories and a request for production of documents on December 11, 1985. Because Pridham failed to respond to the discovery requests, the Strubs served and filed a motion to compel discovery. The trial court entered an order compelling discovery and requiring Pridham's response by July 7, 1986. Sometime after the entry of that order, Pridham served incomplete and unsworn answers to the Strubs' interrogatories. The only formal response to the Strubs' request for production of documents questioned the relevance of the requests to the issues raised in the cross-claim.

On July 24, 1986, the Strubs filed a certificate of readiness for trial. Pridham filed an objection to the Strubs' certificate of readiness, but failed to do so until long after the passing of the statutory time limit for filing such objections.

A telephonic pretrial conference was held on October 9, 1986. During the pretrial conference, the trial court fixed December 8, 1986, as the discovery deadline. Pridham, however, neglected to undertake any discovery by that date. The Strubs subsequently requested a trial date and the trial court set the trial for February 12 and 13,

1987. At Wendt's request, the trial was continued until June 1 and 2, 1987.

After the trial date was set, the Strubs again served and filed a motion to compel discovery. The trial court again ordered Pridham to comply with the Strubs' discovery requests by May 8, 1987. Pridham, however, failed to provide the discovery required by the trial court.

On June 1, 1987, the date fixed for the trial, neither Pridham nor Wendt appeared at the Meade County Courthouse. Wendt was then called and asked to explain his failure to appear. Wendt responded that he needed additional time to conduct discovery. The trial court then entered an oral judgment against Pridham for failing to respond to discovery orders and failing to appear at trial. Following a hearing on objections to findings of fact and conclusions of law, the trial court entered a written default judgment against Pridham in the amount of $20,056 on July 2, 1987.

After the time for appeal lapsed, Pridham hired new counsel and filed a motion to set aside the default judgment. That motion was based upon SDCL 15–6–60(b).[1] Pridham claimed that Wendt neglected to advise him of any requests for discovery, discovery orders, or the scheduled trial date. Pridham also contended that he was not aware of the status of the litigation until after the default judgment had been entered and attempts were made to execute upon real property he owned in South Dakota. The trial court granted the motion to vacate the default judgment and the Strubs brought this intermediate appeal.

■ It is the settled law in this state that "the mistake or negligence of an attorney will not be imputed to the client as a bar to relief where (1) the act or omission of the attorney is excusable or (2) the defendant himself is free from neglect in the matter." *Rogers v. Rogers*, 351 N.W.2d 129, 131 (S.D.1984); *Midcontinent Broadcasting Co. v. AVA Corp.*, 329 N.W.2d 378,

---

1. SDCL 15–6–60(b) provides in relevant part:
   On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

   (1) Mistake, inadvertence, surprise, or excusable neglect;

   \*   \*   \*   \*   \*   \*

   (6) Any other reason justifying relief from the operation of the judgment.

380 (S.D.1983); *Ackerman v. Burgard,* 79 S.D. 119, 124, 109 N.W.2d 10, 12 (1961). *See also Smith v. Wordeman,* 59 S.D. 369, 240 N.W. 325 (1932). This court has further held that the defendant is not free from neglect unless he affirmatively shows that he was reasonably diligent in his efforts to contact his attorney and inquire as to the status of the legal proceedings. *Midcontinent Broadcasting Co.,* 329 N.W. 2d at 380.

Once the defendant has shown "excusable neglect" by either of these two means, he must overcome one more hurdle before he will be entitled to relief from a default judgment. The defendant must show that he would have had a meritorious defense to the claim if the action had been tried on the merits. *Peterson v. La Croix,* 420 N.W.2d 18, 19 (S.D.1988); *Eby v. Misar,* 345 N.W. 2d 381, 383 (S.D.1984); *Pettigrew v. City of Sioux Falls,* 5 S.D. 646, 649, 60 N.W. 27, 28 (1894). In *Peterson,* we noted that the defendant satisfies this requirement by presenting *"facts* either by answer or affidavit from which it could be inferred that upon a trial he would be entitled to a judgment more favorable to himself than the judgment from which he is seeking relief." 420 N.W.2d at 19 (emphasis in original) (*quoting Eby,* 345 N.W.2d at 383).

■ Applying these rules to the facts of the case at bar, there is not even an attempt to excuse the negligence of Pridham's original attorney.[2] In addition, the conduct of Pridham himself does not appear to be free from neglect. This court has stated that "clients must take some responsibility for inquiring into their affairs and cannot blindly rely upon legal counsel." *Midcontinent Broadcasting Co.,* 329 N.W.2d at 380. Pridham has failed to provide *any* evidence to establish that he was diligent in contacting Wendt to inquire about the progress of the legal proceedings or that his neglect to inquire into these matters was reasonable and prudent. In the absence of such evidence, we cannot avoid imputing to Pridham the negligent conduct of his former counsel.

Even if we were able to find that Pridham had affirmatively shown excusable neglect, he did not demonstrate to the trial court a meritorious defense nor does he offer one here. Pridham's answer to the Strubs' cross-claim merely contains a general denial of the allegations in the cross-claim. Furthermore, the affidavits of Pridham, Wendt, and Pridham's current attorney not only fail to set forth a defense which would favor Pridham by either reducing or eliminating the judgment against him, but also fail to assert facts that any defense exists. We find neither excusable neglect nor a meritorious defense, both of which are required to grant Pridham relief from the default judgment.

The decision to grant or deny relief from a default judgment rests with the sound discretion of the trial court and we will not disturb the trial court's decision absent an abuse of that discretion. *Peterson,* 420 N.W.2d at 19; *Haggar v. Olfert,* 387 N.W. 2d 45, 51 (1986); *Midcontinent Broadcasting Co.,* 329 N.W.2d at 381; *Overvaag v. City of Dell Rapids, S.D.,* 319 N.W.2d 171, 173 (S.D.1982); *Ingalls v. Arbeiter,* 72 S.D. 488, 490–91, 36 N.W.2d 669, 671 (1949). We hold, as a matter of law, that Pridham did not meet his burden of showing excusable neglect and a meritorious defense. Therefore, it was an abuse of discretion for the trial court to vacate the default judgment against Pridham.

The order of judgment from which the Strubs appeal is reversed and the case is remanded with direction to the trial court to reinstate the original default judgment.

MORGAN, HENDERSON and MILLER, JJ., concur.

SABERS, J., dissents.

SABERS, Justice (dissenting).

The trial court decision vacating the $20,-000 default judgment should be affirmed because:

---

2. Even if Pridham had offered some evidence showing that Wendt's neglect was excusable, we would be reluctant to place our stamp of approval on conduct that essentially amounted to defying discovery orders, disregarding the rules governing motion practice in this state, and ignoring trial dates.

1. THE NEGLECT IN THIS CASE, ALTHOUGH OBVIOUS AND SEVERE, WAS THAT OF ATTORNEY WENDT AND NOT THAT OF THE CLIENT PRIDHAM. Pridham first learned of the default judgment against him when attempts were made to execute upon real property owned by him in South Dakota. He promptly retained present counsel. Pridham moved to set aside the default judgment pursuant to SDCL 15–6–60(b). In an affidavit in support of the motion to vacate the default judgment, he relayed to the trial court his lack of knowledge concerning the outstanding interrogatories and the scheduled trial date. He indicated that he was unaware that Attorney Wendt had been delinquent in complying with any of the trial court's orders, and that he complied with any order known to him. The motion to vacate the default judgment was based on Pridham's lack of negligence and knowledge of his attorney's neglect in the proceedings. Attorney Wendt concurred in Pridham's version of these facts. These facts remain unchallenged. Accordingly, Pridham is free from neglect and took prompt action upon discovery of his attorney's neglect.

2. THE TRIAL COURT PROPERLY GRANTED PRIDHAM RELIEF FROM THE DEFAULT JUDGMENT. A decision on a motion to vacate a default judgment rests in the sound discretion of the trial court and will not be disturbed on appeal absent abuse of that discretion. *Midcontinent Broadcasting Co. v. Ava Corp.*, 329 N.W.2d 378, 380 (S.D.1983). "Default judgments are not favored in the courts since their effect is to prevent a trial on the merits." *National Surety Corp. v. Shoemaker*, 86 S.D. 302, 309, 195 N.W.2d 134, 138 (1972). Justice is served by a trial on the merits. Justice is not served when the system is used to punish a litigant on a technicality such as his lawyer's neglect. *Midcontinent Broadcasting, supra, citing Ackerman v. Burgard*, 79 S.D. 119, 123, 109 N.W.2d 10, 12 (1961), *National Surety Corp., supra*, 195 N.W.2d at 138.

Pridham successfully carried his burden before the trial court in having the default judgment vacated. It is now Strub's burden to show this court that the trial court abused its discretion in making that determination. Strub failed in that burden and the trial court did not abuse its discretion.

3. PRIDHAM HAS ESTABLISHED A MERITORIOUS DEFENSE SUFFICIENT FOR VACATING A DEFAULT JUDGMENT. For purposes of relief from a default judgment, a party may meet the meritorious defense requirement by presenting facts "either by answer or affidavit from which it could be inferred that upon a trial he would be entitled to a judgment more favorable to himself than the judgment from which he is seeking relief." *Eby v. Misar*, 345 N.W.2d 381, 383 (S.D.1984); *McDonald v. Egan*, 43 S.D. 147, 178 N.W. 296 (1920). The applicant for relief need only make a prima facie showing that a defense exists to satisfy the meritorious defense requirement. The requirement does not contemplate two trials on the merits. *National Surety, Corp., supra*, 195 N.W.2d at 138–139.

Strub's cross-claim contained allegations of fraud and misrepresentation. Pridham's answer specifically denied those allegations of fraudulent or gross misrepresentations. In addition, Attorney Wendt, on behalf of Pridham, filed motions urging the trial court to dismiss Strub's cross-claim. He alleged, among other things, the defense of res judicata, on the basis that the matter was previously litigated in a small claims action and Pridham reasonably could have believed that the action was settled there.

In determining whether the pleadings filed by Pridham in the action can constitute a "meritorious defense," the court should not examine their probable success at trial. *See National Surety Corp., supra*, 195 N.W.2d at 139. "The underlying concern [of the meritorious defense requirement] is to determine whether there is *some possibility* that the outcome of the suit after a full trial will be contrary to the result achieved by the default." (emphasis added). 10 C. Wright, A. Miller & M. Kane *Federal Practice and Procedure* § 2697 (1983). Should Pridham prevail at a trial with his defense that he made no misrepresentations, the outcome would be different and more favorable to Pridham than that

provided by the default judgment. The meritorious defense requirement is fulfilled a second time because, if the matter was previously litigated in a small claims action it would be res judicata. The third reason supporting a meritorious defense is even more basic. Findings of fact and conclusions of law dated July 2, 1987, state in part:

> For reasons that will appear more fully herein, the Court hereby grants default judgment in favor of Michael and Rosemarie Strub and against Phil Pridham, in the sum of ... ($20,000).

There is no proof or support in this record for the establishment of $20,000 in liquidated damages in this case. In the absence of solid proof of these liquidated damages in the amount of $20,000, the trial court was correct in vacating the $20,000 default judgment. He exercised his discretion soundly. For this court to reverse it, invades the trial court's sound discretion and oversteps our role as a reviewing court under the abuse of discretion standard.